*958 TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso de Certiorari se solicita revisión de la Resolución del 24 de enero de 2007, emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en la cual se declara NO HA LUGAR una solicitud de consolidación presentada por el Departamento de Educación, en adelante el Departamento.
I
En el presente recurso, la parte peticionaria, Estado Libre Asociado de Puerto Rico, Departamento de Educación, Policía de Puerto Rico y otros, nos solicitan que revisemos la denegatoria que hizo el Tribunal de Primera Instancia, Sala de Bayamón, de la solicitud de consolidación presentada por el Departamento bajo la teoría de que el pleito ante nos, debe ser consolidado con el caso Rosa Lydia Vélez y otros v. Awilda Aponte y otros, Civil Núm. K PE1980-1738, ventilándose ante el Tribunal de Primera Instancia, Sala Superior de San Juan, pleito que versa sobre los derechos de los niños de Educación Especial.
Por los fundamentos que expresamos a continuación, se expide el Auto de Certiorari solicitado y se confirma la Resolución del Tribunal de Primera Instancia, Sala de Bayamón.
II
En el caso de autos se presentó demanda en daños y perjuicios el 28 de octubre de 2004, por violación a la Ley Individuals With Disabilities Education Act, conocida como Ley IDEA (20 U.S.C.A. sec 1400 et seq. ) y la Ley 51 del 2 de junio de 1996 (18 L.P.R.A. sec. 1351 et seq). Además se adicionaron otras reclamaciones bajo los artículos 1802 y 1803 del Código Civil, la Ley de Derechos Civiles de Puerto Rico y Estados Unidos.
Los demandantes alegan que la menor V.C.M., estudiante de la escuela Antonia Sáez, fue registrada en el programa de Educación Especial del Departamento de Educación el 6 de diciembre de 2002. Alegan, que ésta padece una condición denominada Desorden de Déficit de Atención con Hiperactividad (ADHD) y Déficit Oposicional Desafiante y que tal condición le afecta el comportamiento óptimo. El Departamento sostiene en su recurso, que al momento del registro de la menor en el programa de Educación Especial, los padres no informaron sobre este diagnóstico, ni del hecho que la menor tomaba medicamentos recetados por su psiquiatra. El Departamento denegó la elegibilidad de la menor para participar en el Programa de Educación Especial a base de su promedio académico, el cual consistía en nota de A.
El 4 de febrero de 2004, la menor V.C.M. se vio involucrada en un incidente de agresión en la escuela Antonia Sáez que incluyó a ésta, a otro estudiante, al guardián de la escuela que trabajaba en una compañía privada de seguridad, a la secretaria de la escuela y a la mujer policía que custodiaba la escuela. Se acusó a la menor de haber agredido a estas personas. Ello le causó que la arrestaran y la trasladaran al Tribunal de Menores donde le radicaron tres denuncias por agresión, determinándose causa y ordenando su detención. Los padres inculparon en su demanda al Departamento de Educación por el incidente del 4 de febrero, bajo la alegación de que la menor V.C.M. no fue ubicada adecuadamente ni se le preparó un Programa Educativo Individualizado (PEI), ni un plan alterno para el manejo de situaciones de crisis o emergencias conforme al diagnóstico de ADHD y trastorno oposicional desafiante de la menor V.C.M.
*959 El Estado Libre Asociado y sus agencias demandadas contestaron la demanda, y el Departamento presentó Moción de Desestimación el 6 de septiembre de 2006, argumentada verbalmente el mismo día en que comenzó el juicio en su fondo el 14 de septiembre de 2006.
El argumento de Desestimación del Departamento se basó en que la menor V.C.M, era una estudiante con promedio de A, por lo que no cumplió con uno de los requisitos esenciales de elegibilidad del programa de Educación Especial. Igualmente adujeron, que las reclamaciones contra el Departamento están basadas en alegadas violaciones a las leyes IDEA y Ley 51, pero la parte demandante no cumple con los requisitos sustantivos que ameriten la concesión de un remedio de daños por alegadas violaciones a dichas leyes. Además plantean que NO procede la concesión de daños morales bajo la Ley Federal de Derechos Civiles ni bajo la Ley de Derechos Civiles de Puerto Rico. Alegaron que tampoco procede la enmienda para incluir una reclamación por daños morales por alegadas violaciones del Departamento a la Ley Federal Family Educational Records and Privacy Act, 20 U.S.C.A., sec. 1232 (FERPA).
La parte demandante se opuso a la concesión de la Moción de Desestimación presentada por el Departamento y argumentó su posición verbalmente en la vista del 14 de septiembre de 2006. El juez que presidía la vista, luego de escuchar las partes, declaró No Ha Lugar la solicitud de desestimación del Departamento. Se procedió a iniciar la presentación de testigos. El juicio se extendió hasta el 18 de septiembre de 2006. Se dispuso la continuación del juicio para el 30 de enero de 2007. Posteriormente el Departamento solicitó reconsideración a la denegatoria del T.P.I. El 9 de octubre de 2006, el T.P.I. emitió resolución declarando No Ha Lugar la moción de reconsideración. Dicha resolución fue notificada a las partes el 26 de octubre de 2006.
El 7 de noviembre de 2006, el Departamento presentó moción para que se ordenara a la parte demandante aclarar el status de la menor V.C.M. en cuanto al pleito de clase del caso Rosa Lydia Vélez y otros, supra, que se encuentra ante la consideración del Hon. Oscar Dávila Suliveres, del Tribunal de Primera Instancia, Sala de San Juan. Esto en virtud de que según el Departamento, en vista celebrada en dicho caso el 19 de octubre de 2006, el Hon. Dávila Suliveres explicó a uno de los padres de un estudiante de Educación Especial, que compareció por derecho propio, que todas las reclamaciones de los niños y niñas pertenecientes a la clase del caso Rosa Lydia Vélez, supra, en contra del Departamento debían ventilarse dentro de ese pleito y que no podrían fraccionarse las reclamaciones existentes. La parte demandante contestó la moción presentada por el Departamento.
El 19 de enero de 2007, el Departamento presentó Moción Urgente en Solicitud de Orden en la que solicitó que las alegaciones de los demandantes contra el Departamento de Educación se unieran a las del caso Rosa Lydia Vélez, supra, ya que éstos admitieron en sus escritos en cumplimiento de orden de 19 de diciembre de 2006, que la sala 907 de la región de San Juan era la que tenía jurisdicción para determinar si existía una reclamación en daños y perjuicio para los miembros de la clase, y de determinarlo así, resolver si iba a subdividir en grupos a los demandantes o iba a ventilar cada caso individualmente. Alegó el Departamento que tal procedimiento surgía de la sentencia de 21 de octubre de 2005 del Tribunal de Apelaciones. El 24 de enero de 2007, el T.P.I. emitió resolución declarando NO HA LUGAR la solicitud de consolidación del Departamento de Educación. De ésta resolución se recurre ante este Tribunal de Apelaciones.
III
La parte peticionaria nos plantea dos señalamientos de error alegadamente cometidos por el T.P.I., a saber:

“1. Erró el Honorable Tribunal de Primera Instancia al determinar que no procede la desestimación del caso Axel Cosme Rivera v. Estado Libre Asociado de Puerto Rico, Civil Núm. D DP2004-0345, para que los demandantes incorporen sus reclamaciones a las de la clase en el pleito de Rosa Lydia Vélez y otros v. Awilda Aponte y otros, Civil Núm. K PE1980-1738 (907).

*960 2. Erró el Tribunal de Primera Instancia al denegar las mociones de desestimación de las reclamaciones federales bajo las leyes “Individuals With Disabilities in Education Act”y la “Family Educational Records and Privacy Act”. ”
IV
Analizando el recurso de certiorari y sus documentos complementarios, procedemos a resolver.
Comencemos por analizar la solicitud de consolidación a la luz de la doctrina prevaleciente para luego determinar su aplicación al caso de autos.
El mecanismo de consolidación surge de la Regla 38.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 38.1, la cual establece lo siguiente:

“Cuando estén pendientes ante el tribunal pleitos que envuelvan cuestiones comunes de hechos o de derecho, este podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas envueltas en dichos pleitos; podrá ordenar que todos los pleitos sean consolidados; y podrá a este respecto, dictar aquellas ordenes que tiendan a evitar gastos innecesarios o dilación”. 

De la redacción de la reseñada regla, surge que existen dos requisitos para que proceda inicialmente una solicitud de consolidación:

“1. que los casos presenten cuestiones comunes de hechos o de derecho.

2. que éstos estén pendientes ante el Tribunal. ”

En nuestro sistema unificado, la frase “cuando estén pendientes ante el Tribunal”, contenida en la Regla 38.1 de Procedimiento Civil, supra, sólo requiere que los casos a consolidar se hayan presentado y su trámite esté pendiente ante alguna de las salas del Tribunal de Primera Instancia. Vives v. E.L.A., 142 D.P.R. 117 (1996). En la jurisprudencia federal, se ha resuelto que al decidir sobre una solicitud de consolidación, el juzgador debe considerar si la misma moverá a una resolución justa, rápida y económica de las acciones. Igualmente debe considerar si la consolidación tiende a evitar resultados inconsistentes entre las distintas disputas que presentan cuestiones similares de hechos o de derecho. Vives Márquez, supra-, citando, Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th cir.1985).
Es importante señalar que una determinación judicial inicial sobre una solicitud de consolidación, efectuada luego de un análisis ponderado de la totalidad de las circunstancias de los casos cuya consolidación se solicita, merece gran deferencia por parte del tribunal que la revise. Sólo será alterada cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se incurra en un abuso de discreción. Por lo tanto, aunque un tribunal tiene discreción para ordenar la consolidación de dos o más recursos, la determinación a tales efectos merecerá deferencia por parte del tribunal que la revise, si tal determinación fue efectuada luego del referido análisis ponderado. Hospital San Francisco, Inc. v. Secretaria de Salud, 144 D.P.R. 586 (1997).
En el caso de autos, la demanda se radicó el 28 de octubre de 2004, y desde entonces se ha venido ventilando como un pleito independiente del caso Rosa Lydia Vélez, y otros, supra, y está en etapa de juicio en su fondo. A la fecha en que la parte recurrente solicita del T.P.I. la consolidación de la presente causa con el pleito de Rosa Lydia Vélez, supra, (7 de noviembre de 2006), ya se había iniciado el desfile de prueba y se había recibido el testimonio de tres testigos de la parte demandante; quedaban pendientes nueve más, cuyo testimonio se recibiría en la continuación de vista pautada para el 30 de enero de 2007. [3] Bajo tales circunstancias, el T.P.I. entendió que la solicitud de consolidación del Departamento resultaba tardía y contrario a la justicia. [4] Compartimos el criterio del T.P.I. En una circunstancia como la descrita *961 anteriormente, el Departamento, si quería hacer una petición de consolidación como la presentada, debió hacerla oportunamente y no esperar a que iniciara el juicio, comenzara el desfile de prueba y entonces pedir la consolidación.
Encontramos que el T.P.I. actuó correctamente al denegar una solicitud de consolidación en una etapa crucial del desarrollo del caso y que la parte demandante se hubiese visto afectada en sus derechos, si se hubiesen consolidado los recursos en la etapa en que se solicitó.
La controversia medular de este caso reside en determinar si procede que el mismo se siga ventilando de forma independiente, o si por el contrario se debe consolidar con el caso de Rosa Lydia Vélez, supra. La parte peticionaria sostiene que el Hon. Oscar Dávila Suliveres, en una vista celebrada el 19 de octubre de 2006, determinó que las reclamaciones de los niños de educación especial debían ventilarse todas dentro del pleito de Rosa Lydia Vélez, y como base de esta determinación refiere a la sentencia del 21 de octubre de 2005 del Tribunal de Apelaciones. Resolvemos que el T.P.I. actuó correctamente al declarar No Ha Lugar la moción de consolidación del Departamento, precisamente por los fundamentos de la referida sentencia del Tribunal de Apelaciones. El caso de referencia trataba de un recurso de apelación de una sentencia del Tribunal de Primera Instancia, Sala de San Juan, en el caso de Rosa Lydia Vélez, supra, del 27 de mayo de 2003. En ella, el T.P.I. denegó una solicitud de daños y perjuicios colectivos de los demandantes-apelantes, los cuales ascienden a 70,000 niños y niñas de educación especial a quienes remitió a la presentación de pleitos individuales.
Allí modificamos la sentencia apelada a los efectos de permitir que dentro del referido pleito de Rosa Lydia Vélez, supra, se adjudiquen reclamaciones de daños y perjuicios que alegadamente sufrieron cada uno de los miembros de la clase. Queda sin embargo a discreción del T.P.I. subdividir en grupos, de ser posible, a los demandantes cuyos perjuicios educativos y subsiguientes daños sufridos sean similares. De no ser posible, tendrá que ventilarse cada caso individualmente. 
La decisión del T.P.I. en el caso de autos, al resolver mantener la individualidad del presente pleito con respecto al pleito de Rosa Lydia Vélez, supra, permite al tribunal pasar juicio sobre las respectivas alegaciones de las partes, evaluar sus reclamaciones de daños y adjudicar el derecho aplicable, a base de los hechos específicos de este caso. Nótese que la parte demandante-recurrida reclama que el Departamento incumplió su deber de evaluar y ubicar a la menor V.C.M. en el programa de educación especial, no le preparó un P.E.I., ni desarrolló un plan alterno para el manejo de crisis, dados los diagnósticos de A.D.H.D. y trastorno opositor desafiante que padecía la menor. No le advirtió al personal docente administrativo y de seguridad sobre los referidos diagnósticos, lo que puso en peligro a la menor, dados los incidentes en que se vio involucrada el 4 de febrero de 2004, que culminaron en su arresto.
Como colorario a todo esto, la parte demandante reclama indemnización en daños y perjuicios contra el Departamento de Educación por violaciones a las leyes “Individuals with Disabilities Education Act”(IDEA), “Federal Family Educational Records and Privacy Act” (FERPA), y Ley del Programa de Educación Especial (Ley 51). También tramita reclamación en daños bajo los artículos 1802 y 1803 del Código Civil y las Leyes de Derechos Civiles de Puerto Rico y Estados Unidos contra múltiples partes co-demandadas.
El Departamento, por su parte, sostiene que la referida menor no es elegible para pertenecer al programa de educación especial, por ser estudiante de promedio de A, que conforme a las leyes IDEA, Ley 51 y el Manual de Procedimientos de Educación Especial NO cualifica como estudiante elegible, y que las referidas leyes no proveen un remedio de indemnización en daños morales o angustias mentales.
Estos señalamientos fueron base para la moción de desestimación presentada por el Departamento, la cual fue declarada No Ha Lugar. Según mencionáramos antes, el Departamento oportunamente presentó una moción de reconsideración la cual fue igualmente declarada no ha lugar. El Departamento nos ha solicitado que *962 revisemos tal determinación. Sin embargo, según hemos podido observar, de la documentación obrante en autos se desprende que el Departamento no solicitó en tiempo hábil la revisión de esta Resolución ante este Tribunal de Apelaciones, por lo que entendemos que debido a lo avanzado en que se encuentran los trámites judiciales ante el T.P.I no debemos entrar a dilucidar los méritos de este señalamiento de error. Una vez el T.P.I emita su determinación final en el caso de autos, las partes, de entenderlo pertinente, podrán acudir ante este Tribunal de Apelaciones para la revisión de todos aquellos errores que a su entender fueron cometidos por el foro de instancia.
Entendemos que todos los aspectos de hechos y derecho alegados por las partes litigantes que hemos reseñado serán adjudicados en el presente pleito sin necesidad de fraccionar las reclamaciones para ser adjudicadas en pleitos distintos.
Para finalizar, es menester reiterar los alcances de este Tribunal de Apelaciones en su decisión mediante sentencia del 21 de octubre de 2005, en tomo al caso de Rosa Lydia Vélez, supra. Allí los demandantes solicitaron la concesión de daños en el pleito de clase que se estaba llevando ante el T.P.I.
La parte demandada se opuso a que se concedieran daños mediante el mecanismo de un pleito de clase. El T.P.I. declaró que no procedía la certificación de la clase para la concesión de daños. Tal decisión fue confirmada y modificada por la referida sentencia de 21 de octubre de 2005.
A la página 28 de dicha decisión se expresó:
“ciertamente el presente pleito fue certificado como un pleito de clase al amparo de la Regla 20.2(b) de Procedimiento Civil. Bajo este inciso se concedió el pleito de clase para conceder a los miembros de la clase un remedio mediante interdicto o sentencia declaratoria. Sin embargo y según discutido, al amparo de este inciso, la doctrina establece que NO procede la certificación cuando el remedio a la clase resulta en la compensación monetaria de daños. Adv. Comm. Notes, 28 U.S.C. App. P.697 Wright, supra., Baby Neal v. Casey, 43 F 3d at 57, 64; Dianne v. Bouley 757 F2d at 1355, Santiago v. City of Philadelphia, 72 F.R.D. at 626-28.” No obstante lo antes establecido, debemos examinar si procede la certificación de la clase para la concesión de daños. Para que un pleito sea certificado como uno de clase, debe cumplir con los requisitos de la Regla 20 de Procedimiento Civil, o sea, numerosidad, comunidad, tipicidad y adecuada representación. Asumiendo que en la clase ante nos existe el requisito de numerosidad, debemos analizar si en el caso particular de los niños y niñas con derecho a educación especial existen cuestiones comunes a la clase general que no requieren determinaciones individuales para cada reclamación de daños y si éstas son típicas de la clase en general. Entendemos que sí requieren determinaciones individuales. Ello es así porque los estatutos que cobijan el derecho a educación especial están dirigidos y diseñados a atender las necesidades particulares e individuales de estos niños de manera tal que éstos puedan trabajar y llevar una vida independiente. Es decir, el derecho a educación especial debe ser ajustado individualmente a las necesidades específicas de cada niño en particular por lo que las reclamaciones de éstos y sus respectivos daños varían dependiendo de las necesidades del individuo. Asimismo, la reclamada concesión de daños podría variar de acuerdo con los procedimientos si alguno, que los demandados hayan llevado a cabo, la mitigación de daños y lo remedios provisionales que hayan sido provistos.” 
Amparados en la visión individualizada que inspira la concesión de daños y aplicada a la situación de hechos del caso ante nos, reiteramos nuestra determinación de sostener la decisión tomada por el Tribunal de Primera Instancia, Sala de Bayamón, al denegar la solicitud de consolidación promovida por el Departamento de Educación, aquí peticionario.
V
Por los fundamentos expuestos en esta sentencia, se expide el auto de certiorari solicitado y se confirma la *963 resolución recurrida.
Lo acordó el tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Lie. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2007 DTA 40
1. Página 8, Alegato parte peticionaria.
2. La redacción de la Regla 38.1, supra, corresponde sustancialmente a la Regla 42(a) de las Reglas Federales de Procedimiento Civil.
3. Páginas 5 y 6, alegato parte peticionaria.
4. Resolución de 24 de enero de 2007, apéndice 37.
5. Apéndice 103-134, parte peticionaria.
6. Sentencia de 21 de octubre de 2005, KLAN-2003-01177, página 31, apéndice 133, parte peticionaria.
7. Apéndice 130-131 parte peticionaria.