HOSPITAL SAN FRANCISCO, INC., recurrente, *v.* SECRETARIA DE SALUD y OTROS, recurridos; SAN FRANCISCO HOME CARE, INC., recurrente, *v.* SECRETARIA DE SALUD, DEPARTAMENTO DE JUSTICIA, el PROGRAMA DE SERVICIOS DE SALUD en el HOSPITAL SAN LUCAS, ASOCIACIÓN DE ENFERMERÍA VISITANTE GREGORIA AUFFANT, PROGRAMA HOSPITAL SIN PAREDES y el PROGRAMA DE SERVICIOS DE SALUD en el HOGAR SAN LUCAS, recurridos y peticionario el último.

*Número:* CC-97-225          *Resuelto:* 23 de diciembre de 1997

*Mario L. Paniagua* y *María Leonor Quintana*, de *Mc Connell & Valdés*, abogados de la parte peticionaria; *Carlos Lugo Fiol, Procurador General*, y *Edda Serrano Blasini, Subprocuradora General*, abogados del Departamento de Salud de Puerto Rico, recurrido.

PER CURIAM: Se cuestiona ante nos si era procedente una orden de consolidación del Tribunal de Circuito de Apelaciones respecto a dos recursos de revisión diferentes presentados ante ese foro, mediante los cuales se recurría de dos decisiones distintas del Departamento de Salud, denegatorias ambas de los certificados de necesidad y conve-

niencia solicitados por un hospital para operar camas adicionales, en un caso, y por una corporación para prestar servicios de salud en el hogar, en otro.

I

El 12 de julio de 1996 el Hospital San Francisco, Inc. (en adelante el hospital) presentó un recurso de revisión ante el Tribunal de Circuito de Apelaciones, mediante el cual recurría de una resolución emitida el 23 de mayo de 1996 por la Secretaria del Departamento de Salud. En dicha resolución se le denegó al hospital el certificado de necesidad y conveniencia solicitado para operar cien camas adicionales en el hospital. En su recurso de revisión, el hospital adujo la comisión de los errores siguientes:

> Primero: La denegación de la petición del certificado de necesidad y conveniencia de la proponente es insostenible con la política de salud y con las doctrinas de derecho administrativo que exigen a las agencias consistencia para aplicar de manera uniforme sus resoluciones en cuanto a principios, requisitos, reglamentos y decisiones adoptadas en sus casos adjudicados. Actuó arbitrariamente la Secretaria de Salud al aplicar los siguientes criterios de manera inconsistente con la norma prevaleciente en el Departamento de Salud:
> 1. Criterio de 2.5 camas por 1,000 habitantes.
> 2. Criterio de 80% de ocupación.
> 3. Peso de prueba en cuanto a servicios de opositores.
> Segundo: La agencia incide en grave error al determinar como un hecho probado que no se brindó información actuarial ni estadística en cuanto a la tasa de ocupación durante el 1995.
> Tercero: Erró el Departamento de Salud al limitar el área de servicio de la proponente a la región de Río Piedras y pueblos de Trujillo Alto, Carolina, Río Grande y Canóvanas por ser una conclusión no apoyada en la prueba.

Ese mismo 12 de julio de 1996, San Francisco Home Care, Inc. (en adelante S.F.H.C). presentó también un recurso de revisión ante el Tribunal de Circuito de Apelaciones, mediante el cual recurría de una resolución emitida el 15 de mayo de 1996 por la Secretaria del Departamento de

Salud. En dicha resolución, se le denegó a S.F.H.C. el certificado de necesidad y conveniencia solicitado para prestar servicios de salud en el hogar en el área de salud de Carolina. En su recurso de revisión, S.F.H.C. adujo la comisión de los errores siguientes:

Primero: La agencia en el descargo de su función adjudicativa actuó de manera arbitraria y caprichosa desatendiendo el cumplimiento del Reglamento Núm. 56 en cuanto a la distribución poblacional por áreas a servir comprendidas en una región de salud, al considerar agencias de salud en el hogar que ubican en áreas y/o regiones de salud distintas o fuera del área que propone servir la proponente sin incluir la población que fuera de esas áreas sirven las agencias opositoras. Esta interpretación errónea de la prueba y los requisitos del reglamento tienen el efecto de privarle a la proponente de su derecho constitucional de operar su negocio y brindar servicios de salud a la población necesitada de ellos.

Segundo: La agencia actúa de manera arbitraria y caprichosa al interpretar su propio Reglamento Núm. 56 de Salud en la definición de envejecientes como personas mayores de 65 años de edad, en claro y abierto conflicto con las normas establecidas de derecho sustantivo que regula la materia, tales como la Carta de Derechos, Artículo II de la Constitución, secciones 1 y 2 y la Carta de Derechos de la Persona de Edad Avanzada, 8 L.P.R.A. sec. 341.

Tercero: Erró la Secretaria de Salud al acoger unas determinaciones en cuanto al tercer criterio reglamentario ignorando la prueba presentada por los opositores y la prueba pericial incontrovertida.

El 16 de octubre de 1996 el Procurador General, en representación del Departamento de Salud, solicitó al Tribunal de Circuito de Apelaciones, Circuito Regional I, la consolidación de los dos recursos de revisión aludidos. Fundamentó su solicitud de consolidación en que los referidos recursos trataban del mismo asunto y que los errores presentados y la discusión de éstos eran iguales. Adujo además, como fundamento, que el hospital y S.F.H.C., recurrentes de epígrafe, tenían la misma representación legal.

Mediante Resolución de 30 de diciembre de 1996, notificada el 23 de enero de 1997 y al amparo de la Regla 17 de su reglamento, 4 L.P.R.A. Ap. XXII-A, el Tribunal de Circuito de Apelaciones, Circuito Regional I, ordenó la consolidación de ambos recursos de revisión, por éstos tratar sobre la misma controversia de hechos y de derecho.

El 27 de febrero de 1997 el peticionario de epígrafe, Programa de Servicios de Salud en el Hogar San Lucas (en adelante el peticionario) presentó ante el Tribunal de Circuito de Apelaciones una moción para solicitar la reconsideración de su dictamen de consolidación. El peticionario fundamentó su solicitud en que a la luz de las disposiciones aplicables contenidas en el Reglamento del Secretario de Salud Núm. 56, Reglamento Núm. 3335 del Departamento de Estado de 15 de agosto de 1986, conforme a las cuales serían evaluados los recursos, estos casos involucraban cuestiones de hecho y de derecho de distinta naturaleza. Según el peticionario, "a una propuesta presentada por un hospital para añadir camas, le son aplicables unos criterios de evaluación que resultan ser evidentemente opuestos a los criterios aplicables a una propuesta presentada por una agencia de servicios de salud en el hogar. En virtud de lo cual, el análisis del Tribunal tendría que ser necesariamente distinto en cada caso".

Por su parte, el hospital y S.F.H.C. presentaron el 25 de febrero de 1997, ante el Tribunal de Circuito de Apelaciones, una Moción en Torno a Consolidación de Recursos. En ésta solicitaron al tribunal la separación de los recursos para evitar cualquier confusión que pudiera ser provocada por la consideración conjunta de éstos. Basaron su solicitud en que los asuntos, los errores planteados y su discusión resultaban ser totalmente diferentes en cada caso.

El 1ro de abril de 1997 el Tribunal de Circuito de Apelaciones emitió una resolución, notificada y archivada en autos copia de su notificación el 9 de abril de 1997, en la cual declaró no ha lugar las respectivas solicitudes del peticionario y del hospital y S.F.H.C.

El peticionario acudió ante nos, el 30 de abril de 1997, mediante solicitud de *certiorari* y adujo la comisión del error siguiente:

Erró el Tribunal de Circuito al ordenar la consolidación de los recursos del epígrafe por, supuestamente, ambos tratar sobre la misma controversia de hechos y de derecho.

Mediante Resolución de 30 de mayo de 1997, notificada y archivada en autos con copia de su notificación el 2 de junio de 1997, declaramos no ha lugar la solicitud de *certiorari* del peticionario por entender inicialmente que existía incumplimiento con nuestro reglamento.

Luego, mediante Resolución de 30 de junio de 1997, notificada y archivada en autos copia de su notificación el 2 de julio de 1997, aclarado que no hubo realmente un incumplimiento con nuestro reglamento, declaramos con lugar la solicitud de reconsideración presentada por el peticionario el 10 de junio de 1997.(1) En la referida resolución concedimos un término de treinta (30) días al Procurador General para que mostrase causa, si alguna tuviese, por la cual no debía reconsiderarse y revocar el dictamen del Tribunal de Circuito de Apelaciones. Además, ordenamos al peticionario someter durante el mismo término una copia de las resoluciones pertinentes de la Secretaria del Departamento de Salud emitidas el 15 y 23 de mayo de 1996.

En cumplimiento con nuestra resolución, el 11 de julio de 1997 el peticionario sometió copias de las referidas resoluciones de la Secretaria del Departamento de Salud, así como de los informes del oficial examinador en los cuales dichas resoluciones se basaron. Por su parte, el 4 de agosto de 1997 el Procurador General presentó un escrito en cumplimiento de nuestra orden de mostrar causa. Con el beneficio de ambas comparecencias, pasamos a resolver.

---

(1) Resolución del Tribunal de 30 de junio de 1997; los Jueces Asociados Señores Rebollo López y Hernández Denton no intervinieron.

## II

■ Para darle concreción al principio rector de las Reglas de Procedimiento Civil que predica la solución justa, rápida y económica de todo procedimiento,[2] existe el mecanismo de consolidación. Este permite que el tribunal una dos o más pleitos ante su consideración para fines de su tramitación o únicamente para fines del juicio. J. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1985, Vol. II, pág. 199. La consolidación tiene como finalidad " 'evitar la proliferación de acciones, lograr la economía procesal y evitar la indeseable probabilidad de que surjan fallos incompatibles relacionados con un mismo incidente' ". *Vives Vázquez v. E.L.A.*, 142 D.P.R. 117, 125 (1996). Véase *Granados v. Rodríguez Estrada II*, 124 D.P.R. 593 (1989).

El mecanismo de consolidación surge de la Regla 38.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la cual establece lo siguiente:

> Cuando estén pendientes ante el tribunal pleitos que envuelvan cuestiones comunes de hechos o de derecho, éste podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas envueltas en dichos pleitos; podrá ordenar que todos los pleitos sean consolidados; y podrá, a este respecto, dictar aquellas órdenes que tiendan a evitar gastos innecesarios o dilación.[3]

■ De la redacción de la regla surge que existen dos requisitos para que proceda inicialmente una solicitud de consolidación: (1) que los casos presenten cuestiones comunes de hecho o de derecho, y (2) que éstos estén pendientes ante el tribunal. En nuestro sistema judicial unificado la

---

[2] Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

[3] La redacción de la Regla 38.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, corresponde sustancialmente a la Regla 42(a) de las Reglas federales de Procedimiento Civil, 42 U.S.C. Por tal razón, recurriremos a la jurisprudencia interpretativa de la Regla 42(a) federal como fuente persuasiva.

frase "[c]uando estén pendientes ante el tribunal", contenida en la Regla 38.1 de Procedimiento Civil, *supra*, sólo requiere que los casos que han de ser consolidados se hayan presentado y su trámite esté pendiente ante alguna de las salas del Tribunal de Primera Instancia. *Vives Vázquez v. E.L.A.*, supra, pág. 125.

■ En *Vives Vázquez v. E.L.A.*, supra, págs. 125–126, señalamos que para que proceda la consolidación de acciones o recursos no es necesario que la totalidad de las cuestiones de hecho y de derecho de éstos sean idénticas. De ahí que la existencia de consideraciones particulares sólo para algunos de los casos no impide que se conceda la consolidación. *Skirvin v. Mesta*, 141 F.2d 668 (10mo Cir. 1944). Tampoco se requiere que tanto las cuestiones de hecho como las de derecho sean comunes en los casos que vayan a consolidarse, siendo suficiente que haya similaridad en una u otra. La consolidación tampoco depende de que exista identidad entre las partes en los pleitos a consolidar, aunque es un aspecto que puede pesar sobre el ánimo del juzgador al decidir si procede la consolidación. *In re New York Asbestos Litigation*, 145 F.R.D. 644 (1993); *Cruz v. Robert Abbey, Inc.* 778 F. Supp. 605 (E.D. N.Y. 1991); *Thayer v. Shearson, Loeb, Rhoades, Inc.*, 99 F.R.D. 522 (1983).

En la jurisprudencia federal se ha resuelto que al decidir sobre una solicitud de consolidación, el juzgador debe considerar si ésta propenderá a una resolución justa, rápida y económica de las acciones. Igualmente debe considerar si la consolidación tiende a evitar resultados incompatibles entre las distintas disputas que presenten cuestiones similares de hecho o de derecho. *Vives Vázquez v. E.L.A.*, supra, pág. 136, citando a *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11mo Cir. 1985).[4]

---

[4] Véase *Vives Vázquez v. E.L.A.*, 142 D.P.R. 117, 127–132 (1996), donde este Tribunal discute otros criterios cuya aplicación podría ayudar a guiar el criterio del juzgador al resolver solicitudes de consolidación, según la jurisprudencia federal.

■ Es importante señalar que una determinación judicial inicial sobre una solicitud de consolidación, efectuada luego de un *análisis ponderado de la totalidad de las circunstancias* de los casos cuya consolidación se solicita, merecerá gran deferencia por parte del tribunal que la revise. Sólo será alterada cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se incurra en un abuso de discreción. *Vives Vázquez v. E.L.A.*, supra, pág. 142. Por lo tanto, aunque un tribunal tiene discreción para ordenar la consolidación de dos o más recursos, la determinación emitida por éste a tales efectos merecerá deferencia por parte del tribunal que la revise, si tal determinación fue efectuada luego del referido análisis ponderado.

En el caso de autos, de la Resolución de 30 de diciembre de 1996, emitida por el Tribunal de Circuito de Apelaciones, que ordenó la consolidación de los recursos de revisión, no se desprende que se haya efectuado el susodicho análisis ponderado de la totalidad de las circunstancias de los casos cuya consolidación se solicita.(⁵) El Tribunal de Circuito de Apelaciones abusó de su discreción al ordenar la consolidación de los recursos. Luego del referido análisis, concluimos que no procedía tal consolidación. Veamos.

Las cuestiones de hecho y de derecho en los recursos de revisión del caso de epígrafe no son comunes; ni siquiera son similares. Está claramente ausente el requisito esencial para que proceda a ordenarse la consolidación solicitada. Aunque a los recurrentes, el hospital y S.F.H.C., les fueron denegadas respectivas solicitudes de certificado

---

(⁵) El Tribunal de Circuito de Apelaciones ordenó la consolidación de los referidos recursos de revisión fundamentando su orden solamente en que ambos recursos trataban sobre la misma controversia de hecho y de derecho. Debemos señalar que en su Resolución de 30 de diciembre de 1996 el Tribunal de Circuito de Apelaciones ordenó la consolidación al amparo de la Regla 17 de su reglamento, 4 L.P.R.A. Ap. XXII-A. Dicha regla trata sobre la consolidación de apelaciones de una sentencia. Este no es el caso ante nos. Aquí se trata de dos recursos de revisión de decisiones administrativas, en los cuales se recurren de dos resoluciones distintas emitidas por la Secretaria de Salud.

de necesidad y conveniencia, sus recursos de revisión ante el foro apelativo eran esencialmente diferentes. En el recurso de revisión presentado por el hospital ante el Tribunal de Circuito de Apelaciones, éste solicitaba la revisión de la denegatoria de un certificado de necesidad y conveniencia para operar cien camas adicionales. Por otro lado, en el recurso de revisión presentado por S.F.H.C. ante el Tribunal de Circuito de Apelaciones, éste solicitaba la revisión de la denegatoria de un certificado de necesidad y conveniencia para prestar servicios de salud en el hogar en el área de salud de Carolina. Se trata evidentemente de dos asuntos muy diferentes entre sí, que involucran a dos instituciones de naturaleza distinta.

Más aún, los errores planteados por el hospital y S.F.H.C., y la discusión de éstos en sus respectivos recursos de revisión ante el Tribunal de Circuito de Apelaciones tampoco son comunes ni similares. Dichos errores, relativos a cómo la Secretaria de Salud[6] aplicó los criterios reglamentarios pertinentes para evaluar las respectivas solicitudes de certificados de necesidad y conveniencia, tratan sobre *criterios diferentes*, según el tipo de facilidad de salud, servicio o equipo que se desee establecer.[7]

---

[6] El Art. 3 de la Ley Núm. 2 de 7 de noviembre de 1975 (24 L.P.R.A. sec. 334b), según enmendado dispone, en lo pertinente, que el Secretario de Salud establecerá mediante reglamento los criterios para expedir o denegar el certificado de necesidad y conveniencia.

[7] El Art. VI del Reglamento del Secretario de Salud Núm. 56, Reglamento Núm. 3335 del Departamento de Estado de 15 de agosto de 1986, establece los criterios específicos que el Secretario de Salud utilizará al evaluar una solicitud de certificado de necesidad y conveniencia, adicionales a las guías generales sobre evaluación de solicitudes que provee el Art. V de este Reglamento, *supra*. Las referidas guías generales aplican al evaluar cualquier solicitud de certificado de necesidad y conveniencia. Sin embargo, los criterios específicos dependerán del tipo de facilidad de salud, servicio o equipo que se desee establecer. Para un hospital general, los criterios específicos, según el Art. VI del Reglamento Núm. 56, *supra*, pág. 19, son los siguientes:

"1.   Se considerará una norma de 2.5 camas de cuidado agudo general por cada 1,000 habitantes.

"2.   No se establecerá hospital alguno a menos que los establecidos en el área de servicios de salud estén operando en un 80% de ocupación anual.

Aunque en ambos recursos se recurre de una denegatoria de certificados de necesidad y conveniencia, dichos certificados fueron solicitados para asuntos diferentes, a los cuales aplican criterios específicos diferentes. A una propuesta presentada por un hospital para añadir camas, le aplican unos criterios de evaluación distintos a los criterios aplicables a una propuesta presentada por una entidad para establecer una agencia de servicios de salud en el hogar. Por lo tanto, el análisis del Tribunal de Circuito de Apelaciones tendría que ser distinto en cada caso.

Por otro lado, la consolidación no asegura la solución justa, rápida y económica de los casos. Por el contrario, la consolidación de éstos puede provocar confusión al tribunal al momento de evaluar la evidencia que forma parte del expediente administrativo en cada caso. Como señala el peticionario, la prueba desfilada por cada proponente durante los procedimientos adjudicativos ante la agencia administrativa es completamente distinta en uno y otro caso, como tiene que ser, en vista de que los criterios específicos de evaluación aplicables son distintos para cada caso. No se adelanta nada procesalmente con la consolidación de los casos en cuestión, ya que la adecuada adjudicación de éstos requiere la evaluación por el tribunal de prueba distinta en cada caso. En cambio, se crea el riesgo de confusión.

En vista de lo anterior, es claro que no procedía la consolidación de los recursos de revisión aludidos.

---

"3. La facilidad propuesta no debe estar a más de 30 minutos mediante transportación por automóvil de la población primaria a ser servida."

Para programas de servicios de salud en el hogar, los criterios específicos según el artículo VI del Reglamento Núm. 56, *supra*, pág. 23, son los siguientes:

"1. El área geográfica servida por una agencia de salud del hogar debe coincidir con una (1) de las áreas de salud del Departamento de Salud.

"2. La relación de la población por agencias de salud en el hogar será de una agencia por cada 6,000 envejecientes.

"3. No se considerarán oficinas adicionales en un área de servicio hasta tanto las oficinas existentes en esa área hayan alcanzado o sobrepasado un total de quinientos (500) pacientes atendidos durante el año."

Por todo lo antes expuesto, *se expedirá el certiorari soli-citado ante nos y se dictará sentencia para revocar la con-solidación de los recursos de revisión de epígrafe, según dis-puesta en las Resoluciones de 30 de diciembre de 1996 y de 1ro de abril de 1997 del Tribunal de Circuito de Apelacio-nes, Circuito Regional I de San Juan. Se instruirá al Tri-bunal de Circuito de Apelaciones a que considere separada-mente los referidos recursos de revisión.*

El Juez Asociado Señor Rebollo López emitió una opi-nión disidente.

— O —

Opinión disidente emitida por el Juez Asociado Señor Re-bollo López.

La decisión mayoritaria que hoy se emite en el presente caso constituye evidencia incuestionable de que este Tribu-nal lamentablemente carece de sentido de deferencia hacia el Tribunal de Circuito de Apelaciones; deferencia que, ciertamente, se merece ese foro apelativo intermedio y que este Tribunal debe observar.

La opinión mayoritaria es incorrecta desde varios pun-tos de vista. En *primer lugar*, erróneamente se interviene con la facultad, inherente y de carácter discrecional, que tiene y debe de tener todo foro apelativo de ordenar la con-solidación de recursos ante su consideración. En *segundo* término, erróneamente se resuelve que ese foro apelativo no puede utilizar las disposiciones de la Regla 17 de su Reglamento, 4 L.P.R.A. Ap. XXII-A, con el propósito o fin de consolidar recursos administrativos ante su consideración. En *tercer* lugar, erróneamente se acoge la posición de una parte, que objeta la consolidación decretada, sin que ésta haya hecho una demostración (*showing*) de qué daño, si alguno, le causa la misma. Por *último*, erróneamente se

aplican al mencionado foro apelativo las disposiciones de la Regla 38.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

## I

Establece la citada Regla 38.1 de Procedimiento Civil que:

> Cuando estén pendientes ante el tribunal pleitos que envuelvan cuestiones comunes de hechos o de derecho, *éste podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas envueltas en dichos pleitos*; podrá ordenar que todos los pleitos sean consolidados; y podrá, a este respecto, dictar aquellas órdenes que tiendan a evitar gastos innecesarios o dilación. (Énfasis suplido.)

Una lectura de la terminología utilizada en la transcrita disposición reglamentaria tiende a indicar que la misma es aplicable únicamente a los tribunales de instancia y no a los foros apelativos. Nótese que la citada disposición habla de "vista o juicio". ¿En qué tribunal, de ordinario, se celebran "vistas o juicios"? La interrogante no hay ni que contestarla. Es correcto que en los foros apelativos se celebran vistas orales. Dichas vistas, sin embargo, no se celebran en todos los recursos apelativos. La Regla 38.1 de Procedimiento Civil, *supra*, ciertamente *no* se puede referir a esas vistas orales; ello no tiene ni sentido ni lógica alguna.

Por otro lado, de ser aplicables las disposiciones de la referida Regla 38.1 al Tribunal de Circuito de Apelaciones, este Tribunal *no* hubiera tenido la necesidad de establecer o formular las Reglas 17 y 25 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, las cuales tratan sobre la consolidación, por parte del foro apela-

tivo intermedio, de los recursos apelativos en casos civiles y criminales, respectivamente.([1])

En el presente caso, el Tribunal de Circuito de Apelaciones precisamente se basó en las disposiciones de la Regla 17 de su Reglamento, *supra*, para consolidar los recursos en controversia. Este Tribunal *rechaza* dicha actuación, catalogándola como incorrecta, por el erróneo fundamento de que dicha regla sólo aplica a recursos de apelación en casos civiles y no a recursos de revisión de decisiones administrativas.

La mayoría, desafortunadamente, tiene muy mala memoria. Se olvida de que al aprobarse la Ley de la Judicatura de Puerto Rico de 1994, la Asamblea Legislativa le confirió jurisdicción al Tribunal Supremo de Puerto Rico para revisar, mediante un recurso de apelación, las decisiones emitidas por la mayoría de las agencias administrativas. Esto es, cuando el Tribunal Supremo de Puerto Rico promulgó el Reglamento del Tribunal de Circuito de Apelaciones, el foro apelativo intermedio prácticamente no tenía competencia para revisar decisiones administrativas; razón por la cual no había necesidad de incluir en el mencionado reglamento disposición alguna al respecto. Esta situación, como se sabe, cambió al aprobar la Asamblea Le-

---

([1]) *"Regla 17 del Reglamento del Tribunal de Circuito de Apelaciones*
*Apelaciones conjuntas o consolidadas [en casos civiles]*

"Si dos (2) o más personas tuvieren derecho a apelar una sentencia y sus derechos fueren tales que la acumulación fuere factible, podrán presentar un escrito de apelación conjunto y podrán comparecer subsiguientemente como una sola parte apelante. Las apelaciones de una sentencia podrán ser consolidadas por orden del Tribunal de Circuito de Apelaciones expedida por iniciativa propia, a solicitud de parte o por estipulación de quienes sean partes en distintas apelaciones." 4 L.P.R.A. Ap. XXII-A.

*Regla 25 del Reglamento del Tribunal de Circuito de Apelaciones*
*Apelaciones conjuntas o consolidadas [en casos criminales]*

"Si dos (2) o más personas tuvieren derecho a apelar una sentencia y sus derechos fueren tales que la acumulación fuere factible, podrán presentar un escrito de apelación conjunto y podrán comparecer subsiguientemente como una sola parte apelante. Las apelaciones de una sentencia podrán ser consolidadas por orden del Tribunal de Circuito de Apelaciones expedida por iniciativa propia, a solicitud de parte." 4 L.P.R.A. Ap. XXII-A.

gislativa la Ley Núm. 248 de 25 de diciembre de 1995 (4 L.P.R.A. secs. 22i–22k, 22n–22p, 23f y 23n).

Por último, es de notar que el Reglamento de este Tribunal *no* contiene ninguna disposición que nos permita consolidar los recursos ante nuestra consideración. ¿Qué significa ese hecho? La determinación que tome este Foro a ese respecto, ¿se rige por las disposiciones de la mencionada Regla 38.1 de Procedimiento Civil o, por el contrario, la misma emana de la facultad inherente que tiene todo foro apelativo para cumplir con el mandato o principio rector, vigente en todo ordenamiento jurídico, a los efectos de que los tribunales deberán actuar de modo que los casos ante su consideración sean resueltos en la forma más rápida, justa y económica posible?

¿No tiene ese mismo deber, derecho y discreción, el Tribunal de Circuito de Apelaciones? ¿Por qué la diferencia? ¿Acaso nos consideramos superiores? Bien mal encaminados, y equivocados, están los que así piensan y actúan. De hecho, es de notar que en la jurisdicción federal es abundante la jurisprudencia a los efectos de que la decisión de conceder o denegar la solicitud de consolidación realizada por un tribunal de instancia federal *no será alterada en apelación a menos que el tribunal apelativo determine que el de instancia incurrió en un claro abuso de discreción.* Véanse: *U.S. E.P.A. v. City of Green Forest, Ark.*, 921 F.2d 1394 (8vo Cir. 1990), *cert.* denegado, 112 S.Ct. 414; *Arnold v. Eastern Air Lines, Inc.*, 712 F.2d 899 (4to Cir. 1983), *cert.* denegado, 464 U.S. 1040; *Molever v. Levenson*, 539 F.2d 996 (4to Cir. 1976), *cert.* denegado, 429 U.S. 1024; *Shumate & Co. v. National Ass'n of Sec. Dealers, Inc.*, 509 F.2d 147 (5to Cir. 1975), *cert.* denegado, 423 U.S. 868. En lo que concierne a nuestra jurisdicción, *la norma es exactamente la misma.* Véase *Granados v. Rodríguez Estrada II*, 124 D.P.R. 593 (1989). Si ello es así en cuanto a la decisión que al respecto toma un tribunal de instancia, *¿no debe haber*

*aun mayor deferencia cuando se revisa a un tribunal apelativo intermedio?*

Por último, procede que se enfatice el hecho de que la parte peticionaria en el presente caso *no* hace una demostración de perjuicio. Por el contrario, los posibles perjuicios que dicha parte señala que la consolidación decretada puede causarle, son todos de carácter especulativo y futuro. Su alegación a esos efectos, en consecuencia, es prematura. De hecho, si dicha parte no hubiera radicado el recurso de *certiorari* ante este Tribunal, en revisión de la consolidación decretada por el Tribunal de Circuito de Apelaciones, con toda probabilidad dicho foro apelativo intermedio ya hubiera resuelto su caso. Además, la parte aquí peticionaria *no* queda desprovista de remedios. Si en efecto la consolidación decretada le causa algún perjuicio concreto, ésta podrá recurrir ante este Tribunal, vía *certiorari*, y señalar dicho perjuicio como error.

En resumen, somos del criterio que no habiendo la parte peticionaria demostrado que el Tribunal de Circuito de Apelaciones incurrió en un claro abuso de discreción, al ordenar la consolidación en controversia, procede la confirmación del dictamen que a esos efectos dicho foro apelativo emitiera en el presente caso.