Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| MANUEL NEGRÓN SOLER<br><br>Demandante - Apelante<br><br>v.<br><br>YOLANDA PÉREZ RODRÍGUEZ<br><br>Demandada - Apelada | KLAN202400732 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2023CV06846<br><br>Sobre:<br>Cobro de Dinero por Incumplimiento de Contrato (Escritura de Divorcio por Consentimiento Mutuo) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de septiembre de 2024.

El Tribunal de Primera Instancia ("TPI") desestimó, por las alegaciones, una demanda relacionada con la secuela de un acuerdo sobre la división de unos bienes acumulados durante un matrimonio luego disuelto. Según se explica en detalle a continuación, concluimos que erró el TPI y que lo procedente, en vez, es la consolidación de la acción de referencia con otro caso, más antiguo, pendiente ante el TPI, en el cual también se dilucidan aspectos relacionados con la referida división de bienes.

I.

En diciembre de 2023, el Sr. Manuel Negrón Soler (el "Esposo") presentó la acción de referencia (la "Demanda") en contra la Sa. Yolanda Pérez Rodríguez (la "Esposa").[1] Alegó que las partes contrajeron matrimonio el 22 de julio de 2004, bajo el régimen de sociedad legal de gananciales. Afirmó que, mediante la Escritura Pública Núm. 13 de 29 de junio de 2020 (la "Escritura de Divorcio"),

---
[1] Apéndice del recurso, *Demanda*, págs. 54-57.

las partes disolvieron su matrimonio por consentimiento mutuo.[2] Alegó que, junto a la Escritura de Divorcio, las partes incluyeron como documento complementario una *Estipulación y Acuerdos sobre Divorcio por Consentimiento Mutuo* (el "Acuerdo"), en el que estipularon lo siguiente:

> (a) La compareciente, Yolanda Pérez Rodríguez, asume la deuda de la tarjeta de Crédito MasterCard con Citibank, No. 5121065276492317, cuyo balance a mayo de 2020, asciende a la suma de $6,280.00; la compareciente reconoce adeudarle al compareciente, Manuel Negrón Soler, la suma de $29,000.00, comprometiéndose a satisfacer dicha suma a razón de Doscientos Dólares ($200.00) mensuales, dentro de los primeros 5 días de cada mes, comenzando los pagos en diciembre de 2020, sin perjuicio de saldar el balance o de realizar abonos sustanciales en cualquier momento. Dicha suma no acumulará intereses.
>
> [...] Acuerdan además que la compareciente continuará, en diciembre de 2020 con la obligación de pagarle al compareciente, Manuel Negrón Soler, en concepto de intereses por su aportación de $79,500.00 en la adquisición de los inmuebles, la suma de $500.00 mensuales por los próximos 13 años (156 meses), o sea, hasta el 30 de junio de 2033 y que en dicha fecha le pagará además su aportación de $79,500.00. En la eventualidad que la compareciente, Yolanda Pérez Rodríguez, interesará, por cualquier razón, pagarle la aportación de $79,500.00 al compareciente, Manuel Negrón Soler, antes de dicha fecha (30 de junio de 2033), deberá adicionalmente compensar a éste con una suma igual a la cantidad de meses no vencidos de término de los 13 años multiplicada por $500.00.[3]

Sostuvo que, desde diciembre de 2020 a octubre de 2022, la Esposa cumplió con su obligación de pago por las cantidades estipuladas ($700.00 mensuales), pero que, a partir de noviembre de 2022, la Esposa había dejado de efectuar los pagos contemplados

---

[2] Apéndice del recurso, *Escritura Número Trece (13) sobre Divorcio por Consentimiento Mutuo*, págs. 45-49.
[3] *Íd.*, pág. 52.

en la Escritura de Divorcio. Reclamó que la Esposa le adeudaba $9,100.00.

En enero de 2024, la Esposa presentó una *Moción Solicitando Desestimación al Amparo de la Regla 10.2 y 14.1 de las Reglas de Procedimiento Civil* (la "Moción").[4] Arguyó que el TPI debía desestimar la Demanda por estar *sub judice* una acción civil separada, sobre División de Comunidad Postganancial (BY2022CV03539, o el "Primer Caso"). Señaló que las partes en el Primer Caso eran las mismas y que las alegaciones de la Demanda de epígrafe debieron presentarse en el Primer Caso, a tenor con la Regla 11.2 de las de Procedimiento Civil, *infra.*

El Esposo se opuso a la Moción; explicó que los hechos objeto de la Demanda ocurrieron luego de que este contestara la demanda en el Primer Caso.

El 3 de julio, el TPI notificó una *Sentencia* (la "Sentencia"), mediante la cual declaró con lugar la Moción y, así, desestimó la Demanda. El TPI expuso que:

> [...] en función del principio de economía procesal, y para evitar que un caso entre las mismas partes y sobre el mismo incidente, pueda estar fragmentado en distintas salas del Tribunal de Primera Instancia, determinamos que procede la solicitud de desestimación [...]. No vemos razón alguna para que dos causas de acción como las alegadas en este caso, las cuales afectan a las mismas partes y una es consecuencia de la otra, se presenten en dos procesos de forma fragmentada. Si resolviéramos lo contrario, estaríamos complicando los procedimientos, retrasando la administración de la justicia y promoviendo determinaciones que pudiesen ser inconsistentes entre sí.
>
> La Parte aquí demandante tiene remedios disponibles dentro del otro caso vigente entre las partes.[5]

---

[4] Apéndice del recurso, *Moción Solicitando Desestimación al Amparo de la Regla 10.2 y 14.1 de las Reglas de Procedimiento Civil*, págs. 21-22.
[5] Apéndice del recurso, *Sentencia*, pág. 5.

Inconforme, el 2 de agosto, el Esposo presentó el recurso que nos ocupa; formula los siguientes señalamientos de error:

> Erró y abusó de su discreción el Honorable Tribunal de Primera Instancia, al desestimar el caso al amparo de la Regla 10.2 de Procedimiento Civil.

> Erró y abusó de su discreción el Honorable Tribunal de Primera Instancia, al desestimar el caso al amparo de las Reglas 10.2 y 14.1 y no ordenar la consolidación.

El 16 de agosto, la Esposa presentó su alegato. Resolvemos.

## II.

Las Reglas de Procedimiento Civil deben interpretarse de manera que "faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica" en todo caso. Regla 1 de las de Procedimiento Civil, 32 LPRA Ap. V, R.1.

En cuanto a la consolidación de casos, el propósito principal es evitar la proliferación de las causas de acción entre las mismas partes, lograr la economía procesal e impedir la indeseable probabilidad de que surjan fallos incompatibles relacionados con un mismo incidente. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408 (2009). Respecto a esto, los tribunales tienen la discreción de ordenar la consolidación de dos o más recursos que estén ante la consideración de sus salas o foros. Por tal razón, la Regla 38.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R.38.1, provee para la consolidación de casos en circunstancias determinadas:

> Cuando estén pendientes ante el tribunal pleitos que comprendan cuestiones comunes de hechos o de derecho, el tribunal podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas comprendidas en dichos pleitos, podrá ordenar que todos los pleitos sean consolidados y podrá dictar, a este respecto, aquellas órdenes que eviten gastos o dilaciones innecesarias.

De la Regla surge que existen dos requisitos para que proceda inicialmente una solicitud de consolidación: (1) que los casos

presenten cuestiones comunes de hechos o de derecho; y (2) que éstos estén pendientes ante el tribunal. *Hosp. San Fco. v. Sria. de Salud*, 144 DPR 586, 592 (1997).

"En nuestro sistema judicial unificado, la frase 'cuando estén pendientes ante el Tribunal' contenida en la Regla 38.1 sólo requiere que los casos a consolidarse se hayan presentado y su trámite esté pendiente ante alguna de las salas del Tribunal de Primera Instancia". J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2ª ed., Publicaciones JTS, 2011, T. III, pág. 1127, citando a *Vives Vázquez v. ELA*, 142 DPR 117, 417 (1996); *Hosp. San Francisco. v. Sec. De Salud,* 144 DPR 586 (1997). Añade el tratadista Cuevas Segarra que **la consolidación** de las controversias "debe solicitarse por escrito y **puede hacerlo el tribunal *sua sponte* o aun sobre la objeción de las partes**". Cuevas Segarra, *op.cit.*, a la pág. 1127. (Énfasis suplido).

Ahora bien, en última instancia es el tribunal en su sana discreción quien deberá determinar si, a la luz de los hechos y circunstancias ante sí, procede o no la consolidación. En ese sentido, el TPI tiene amplia discreción sobre el manejo de casos para que, conforme con los principios de las Reglas de Procedimiento Civil, pueda arribar a una solución justa, económica y expedita. *Meléndez v. Caribbean Int'l. News*, 151 DPR 649 (2000); Regla 1 de las de Procedimiento Civil, *supra*.

Al decidir sobre una solicitud de consolidación, el juzgador debe considerar si la misma propendiera a una resolución justa, rápida y económica de las acciones. Igualmente debe considerar si la consolidación tiende a evitar resultados inconsistentes entre las distintas disputas que presenten cuestiones similares de hechos o de derecho. *Vives Vázquez*, 142 DPR a la pág. 136, citando a *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985);

*Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003 (2nd Cir. 1995).

De ordinario, le corresponde a quien atiende el caso de mayor antigüedad autorizar la solicitud de consolidación. Cuevas Segarra, *op. cit.*, a la pág. 1127. Véase, Regla 15 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, 4 LPRA Ap. II-B, R.28(A). La consolidación de casos es improcedente "si conlleva a la ineficiencia, inconveniencia o algún perjuicio injusto para una parte". Cuevas Segarra, *op. cit.*, a la pág. 1128.

La determinación de consolidar queda a discreción del tribunal que la atiende y, por esa razón, la decisión será revisada con deferencia. Cuevas Segarra, *op. cit.*, a la pág. 1129. La discreción judicial significa "tener poder para decidir de una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Ramírez v. Policía de PR,* 158 DPR 320, 340 (2002).

No obstante, la discreción no representa "poder para actuar de una forma u otra haciendo abstracción del derecho". *Íd.* Por lo tanto, frente al ejercicio de la discreción de los tribunales de primera instancia, los tribunales apelativos intervendrán cuando exista "un craso abuso de discreción o [cuando] el tribunal act[úe] con prejuicio y parcialidad", o cuando su intervención sea necesaria para evitar un "perjuicio sustancial". *Lluch v. España Service*, 117 DPR 729, 745 (1986).

## III.

La Regla 11 de las de Procedimiento Civil, 32 LPRA Ap. V, R.11, reglamenta lo relacionado con la reconvención y la clasifica como compulsoria o permisible. En lo pertinente, la Regla 11.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R.11.1, define las reconvenciones compulsorias como aquellas que surgen "del acto, de la omisión o del evento que motivó la reclamación de la parte

adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción". "El propósito de esta regla es evitar la multiplicidad de litigios al crear un mecanismo en el que se diluciden todas las controversias comunes en una sola acción". *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 333 (2010); *Neca Mortg. Corp. v. A&W Dev. S.E.*, 137 DPR 860, 867 (1995).

Por su parte, la Regla 11.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R.11.2, define las reconvenciones permisibles como aquellas en las cuales la reclamación contra la parte adversa no surge del acto, de la omisión o del evento que motivó la reclamación de dicha parte. *SLG Font Bardón v. Mini-Warehouse, supra,* a la pág. 332. El propósito de la reconvención permisible es evitar la multiplicidad de litigios al establecer un mecanismo para dilucidar todas las controversias comunes en una sola acción. *Neca Mortgage Corp., supra.*

Ahora bien, aunque las Reglas de Procedimiento Civil disponen que una reconvención compulsoria se debe formular en el momento de que la parte notifique su alegación, existen algunas excepciones que relevan a la parte demandada de presentarla en su contestación a la demanda. Por ejemplo, se puede presentar una reconvención compulsoria a través de una alegación suplementaria. Regla 11.4 de las de Procedimiento Civil de Puerto, 32 LPRA Ap. V R.11.4. Este mecanismo se utiliza cuando es con relación a una reclamación cuya exigibilidad advenga luego de que dicha parte haya notificado su contestación a la demanda. *Íd.*

También, una parte puede presentar una reconvención compulsoria a través de una solicitud de enmienda a su alegación. Regla 11.5 de las de Procedimiento Civil, 32 LPRA Ap. V, R.11.5. Se reconoce esta excepción en aquellos casos en que una parte deje de formular una reconvención en su contestación a la demanda por

descuido, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia. *Íd.*; *SLG Font Bardón,* 179 DPR a las págs. 333-334.

El poder que tienen los tribunales para conceder enmiendas a las alegaciones es amplio, y tiene que demostrarse un claro abuso de discreción o un perjuicio manifiesto a la parte contraria para que se revoque la actuación del juez. *SLG Font Bardón,* 179 DPR a la pág. 334; *Neca Mortg. Corp.,* 137 DPR a la pág. 868.

Sin embargo, la facultad de los tribunales de conceder las enmiendas a las alegaciones de forma liberal no es infinita. Al momento de permitir la enmienda, se deben evaluar los siguientes factores: "(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *SLG Font Bardón,* 179 DPR a la pág. 334.

Cada uno de estos factores deberá ser examinado en conjunto, ya que ninguno de ellos opera aisladamente. El paso del tiempo no impide, *ipso facto*, que el tribunal admita una enmienda. Ello pues **los tribunales deberán conceder el permiso para enmendar la demanda liberalmente, aun en etapas avanzadas de los procedimientos. Tan es así, que se pueden realizar enmiendas a las alegaciones en etapas tan avanzadas como la "Conferencia con Antelación al Juicio**". (Énfasis suplido). *Íd.*, a la pág. 335.

IV.

Concluimos que erró el TPI al desestimar la Demanda. Aunque el TPI razonó que el asunto objeto de la misma debía dilucidarse en el Primer Caso, la realidad es que la reclamación no se había presentado en ese caso y, de serlo, el TPI no podía tener certeza sobre si el tribunal el Primer Caso lo autorizaría. Por tanto, las únicas dos opciones viables, cónsonas con el derecho de una parte a que una reclamación suya se ventile ante algún foro, eran

adjudicar la Demanda u ordenar la consolidación de la Demanda con el Primer Caso.

Concluimos que lo más adecuado en este contexto es la consolidación de ambos casos. Adviértase que el Primer Caso todavía se encuentra en la etapa de descubrimiento de prueba.[6] Aunque, en el Primer Caso, hay una Conferencia con Antelación a Juicio pautada para el 26 de septiembre de 2024[7], recientemente la Esposa le explicó al TPI que había contratado un perito para evaluar unos documentos sometidos en agosto de este año por el Esposo.

A su vez, de las alegaciones de ambos casos se desprende que los mismos tienen como raíz la Escritura de Divorcio y el Acuerdo, y las partes demandadas son las mismas. Por tanto, la consolidación propenderá a una resolución justa, rápida y económica de las acciones. Nuestra conclusión se fortalece al advertirse que el Esposo ha planteado que lo alegado en la Demanda no fue incluido en el Primer Caso como una reconvención porque los hechos pertinentes ocurrieron luego de que se contestara la demanda en el Primer Caso. Además, la consolidación no perjudica indebidamente los intereses de las partes.

En fin, la consolidación es la vía más compatible con los propósitos cardinales de las Reglas de Procedimiento Civil, pues estamos obligados a procurar un balance entre el interés en promover la tramitación rápida de los casos y la firme política judicial de que los casos sean resueltos en sus méritos. Regla 1 de las de Procedimiento Civil, *supra*; *Banco Popular v. SLG Negrón*, 164 DPR 855 (2005).

## V.

Por los fundamentos expuestos, se revoca la *Sentencia* apelada y se ordena la consolidación del presente caso

---

[6] Véase, SUMAC (caso BY2022CV03539), Entradas Núm. 72-74.
[7] *Íd.*, Entrada Núm. 69.

BY2023CV06846 con el caso BY2022CV03539, por ser este último el más antiguo.  Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí dispuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones