Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JUAN CARLOS VEGA MARTÍNEZ<br><br>Peticionario<br><br>v.<br><br>JOSÉ TORAL MUÑOZ Y OTROS<br><br>Recurrido | KLCE202401163 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Número: BY2023CV04591, BY2024CV03692<br><br>Sobre: *INJUNCTION* (ENTREDICHO PROVISIONAL, *INJUNCTION* PRELIMINAR Y PERMANENTE) Y OTROS |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

### I.

El 17 de agosto de 2023, Juan Carlos Vega Martínez, en adelante demandante o el señor Vega Martínez, radicó una petición de *injunction* estatuario, según dispuesto en el Art. 7.15 de la *Ley General de Corporaciones*, Ley Núm. 164-2009, 14 LPRA sec. 3655. En el pliego, alegó que el señor José Toral Muñoz, en adelante señor Toral Muñoz, quien ocupaba los cargos de presidente y tesorero de la Junta de Directores de la Fundación Rigoberto Figueroa Corp., en adelante Fundación, incumplió con su deber al dejar de convocar una reunión para nombrar a un tercer miembro a la Junta, y celebrar las dos (2) reuniones anuales, alegadamente requeridas por los estatutos corporativos. A su vez, adujo que el recurrido no visitaba las oficinas de la corporación hacía dos (2) años. Por ello, planteó que el demandado faltó a su deber de fiducia por abandono y falta de compromiso con los deberes de los cargos de presidente y

Número Identificador

RES2024 _____

tesorero de la Corporación. Así solicitó al foro que decretara que el señor Toral Muñoz no podía continuar ejerciendo el cargo de director, obligándole a dejar vacante su posición. Suplicó que se adjudicara la controversia sobre el cargo que ostentaba éste, conforme al recurso extraordinario presentado, en aras de normalizar las actividades de la Fundación.

Por su parte, el 27 de septiembre de 2023, el señor Toral Muñoz y la Fundación, presentaron *Contestación a la Demanda y Reconvención.*[1] Esta última fue enmendada el 15 de agosto de 2024. En dicha *Reconvención,* los demandados solicitaron el cese del señor Vega Martínez como director, al amparo del Art. 19 de los estatutos de la Fundación y señalaron la violación a sus deberes de fiducia, por haberse apropiado indebidamente de fondos de la Fundación. Asimismo, solicitaron que este devolviera todos los fondos utilizados sin permiso. En igual fecha, presentaron *Moción de desestimación de solicitud de injunction estatutario.* Sostenían que el injunction estatutario incluido en la Ley General de Corporaciones no provee recurso para dirimir alegaciones sobre violación a los deberes de fiducia, sino que está limitado a los asuntos relacionados con los procedimientos de elección de un director u oficial. Su posición era que el remedio extraordinario no había sido concebido para dilucidar el desempeño de un oficial corporativo. El demandante, oportunamente, se opuso a la desestimación del remedio extraordinario.

Eventualmente y, luego de varias incidencias procesales no indispensables para comprender la determinación que hoy tomamos, el 12 de diciembre de 2023, el foro recurrido emitió una Sentencia. Concluyó que el señor Vega Martínez no tenía derecho a los remedios concebidos en virtud del Art. 7.15 de la Ley General de

---

[1] Véase, págs. 50-60 del apéndice del recurso de certiorari.

Corporaciones, bien fuese a través del remedio extraordinario de injunction o una sentencia declaratoria, sino a través de un pleito ordinario. Por lo cual, el foro recurrido desestimó el recurso presentado por el demandante. Inconforme, el señor Vega Martínez presentó el recurso de apelación número KLAN202400106. El antedicho recurso fue acogido como uno de *certiorari* y denegado el 30 de abril de 2024. Concluimos entonces que; a pesar del foro primario haber identificado su determinación como una sentencia, al no haber adjudicado la totalidad de las reclamaciones ante él sometidas,[2] y en defecto de las exigencias procesales para certificar la finalidad de la sentencia parcial, nos encontrábamos ante una resolución interlocutoria revisable, exclusivamente, mediante recurso de *certiorari*.

El 2 de agosto de 2024, el señor Toral Muñoz solicitó al foro primario que se reclasificara el caso como uno activo en SUMAC[3] y se señalara Conferencia sobre el Estado de los Procedimientos.

Así las cosas, el 15 de agosto de 2024, el señor Toral Muñoz y la Fundación informaron al foro primario que el señor Vega Martínez había presentado un pleito ordinario bajo una causa de acción diferente, el caso civil número BY2024CV03692. Sostuvo que, entre la reconvención pendiente y el nuevo pleito radicado, existían cuestiones comunes de hecho y de derecho, pues ambas reclamaciones trataban sobre el desempeño de los directores de la Fundación y la posible violación a sus deberes de fiducia. Puntualizaron que la solución justa, rápida y económica hacía evidente la conveniencia de ventilar tales reclamaciones en un solo pleito. Además, evitaría que dos salas emitiesen sentencias inconsistentes entre sí. Por último, llamó la atención a que la solicitud de consolidación se hacía en una etapa apropiada, pues

---

[2] Refiriéndonos a la reconvención que quedaba pendiente entre las partes.
[3] Sistema Unificado de Manejo y Administración de Casos.

permitía que se organizara eficientemente el descubrimiento de prueba sin incurrir en duplicidad del mismo. Consignó que representaba la solicitud de consolidación en el presente caso, conforme a la Regla 15 para la Administración del Tribunal de Primera Instancia, la cual dispone que los casos consolidados se atenderán en la sala que atiende el caso de mayor antigüedad. El 19 de agosto de 2024, el TPI concedió quince (15) días al señor Vega Martínez para replicar.

De hecho, el 19 de agosto de 2024, el señor Vega Martínez presentó *Solicitud de Reconsideración y, e[n] la alternativa, Solicitud de Desestimación de la Reconvención Enmendada.*[4] En este reclamó que la solicitud de consolidación respondía a un intento de lo que denominó como *judge shopping*, o que el caso sea atendido por un magistrado que, con o sin razón, la parte estima más favorable a su causa. Para sustentar tal alegación explicaron que, en el nuevo caso, el BY2024CV03692, Toral Muñoz y la Fundación fueron emplazados el 27 y 28 de junio, respectivamente, por lo que el término para contestar vencía el lunes, 29 de julio de 2024. El 30 de junio de 2024, la juez en este segundo pleito había emitido una orden dándole quince (15) días a Toral Muñoz y la Fundación para mostrar causa por la cual no se les debía anotar la rebeldía. Señaló que setenta y dos (72) horas más tarde, Toral Muñoz y la Fundación solicitaron consolidación, en vez de cumplir con la orden de mostrar causa. Para el señor Vega Martínez, la reactivación de la reconvención en el pleito inicial concurrente con su presentación de una nueva acción, además del uso del mecanismo de consolidación, fue sacar la nueva acción de la sala a la que fue asignada y generaba una apariencia de *judge shopping*. Además, solicitó la desestimación de la reconvención en su contra, una vez más.

---

[4] Véase, págs. 173-190 del apéndice del recurso de certiorari.

Toral Muñoz y la Fundación se expresaron mediante *Oposición a Solicitud de Reconsideración y de Desestimación.*[5] Finalmente, el 19 de septiembre de 2024, el TPI emitió *Resolución* en la que declaró no ha lugar a la solicitud de desestimación de la reconvención presentada por Vega Martínez y autorizó la *Reconvención Enmendada.*[6] A su vez, dicho foro aprobó la solicitud de consolidar este caso con el BY2024CV03692 y ordenó el traslado del caso al Tribunal de Primera Instancia, Sala de Guaynabo. Esto, porque tanto la parte demandada como la reconvenida residen en el Municipio de Guaynabo.

En oposición, el señor Vega Martínez presentó ante el TPI *Solicitud de Desestimación de la Reconvención por falta de parte indispensable*, **la cual no ha sido resuelta al momento de atender este recurso**.[7] Expresó el demandante que la *Reconvención* contiene entre sus alegaciones, la negligencia del Lcdo. Rafael A. Cintrón Perales con la Fundación y por esa razón, entiende que es parte indispensable.

Inconforme, el señor Vega Martínez con la autorización de la *Reconvención* presentó este recurso ante este Tribunal, en el que alega que:

> Erró el TPI al no desestimar la *Reconvención* por falta de parte indispensable -Rafael A. Cintrón Perales- en el caso *Vega v. Toral et als,* BY2023CV04591 lo que provocó la emisión de determinaciones nulas como la Resolución aquí recurrida.
>
> Erró el TPI al no desestimar la *Reconvención* no habiéndose emplazado a una nueva parte dentro del término establecido en las *Reglas de Procedimiento Civil* en el caso *Vega v. Toral et als,* BY2023CV04591.
>
> Erró el TPI al emitir determinaciones contrarias a precedentes previamente establecidos.
>
> Erró el TPI a trasladar a motu proprio el caso a la Sala de Guaynabo cuando todas las partes se allanaron a que los procedimientos se llevaran a cabo en el Sala de

---

[5] Véase, págs. 196-203 del apéndice del recurso de certiorari.
[6] Véase, págs. 2-10 del apéndice del recurso de certiorari.
[7] Véase, entrada núm. 74 en SUMAC.

Bayamón, consolidando el caso con el caso de menor antigüedad contrario a derecho.

**II.**

El recurso de *certiorari* está regulado por nuestro ordenamiento procesal civil. En lo relacionado al referido recurso, es sabido que se define como un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las decisiones de un tribunal primario. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012). En esencia, este mecanismo procesal permite al foro revisor corregir algún error cometido por el tribunal de origen. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Ahora bien, el referido recurso es uno de carácter discrecional. Esta discreción, ha sido definida jurisprudencialmente "como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Ahora bien, la discreción no es absoluta. Precisa la evaluación, en primera instancia, de los criterios especificados en la Regla 52.1 de Procedimiento Civil. 32 LPRA Ap. V. Esta dispone en lo pertinente que el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones

de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Además, una vez este foro ha adquirido jurisdicción sobre el recurso presentado, su evaluación está delimitada por la Regla 40 de este Tribunal. Mediante la misma, se establecen una serie de criterios que ayudan a dirigir el juicio de este Foro en la decisión de expedir o denegar el auto solicitado. Dichos criterios reglamentarios son los siguientes:

> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

En otro orden de cosas, un principio trascendental en derecho procesal es el de evitar la multiplicidad de pleitos, y de adjudicar en una causa las distintas reclamaciones de las partes cuando la naturaleza de las causas lo permiten. *Hosp. San Fco., Inc. v. Sria. de*

*Salud*, 144 DPR 586, 592 (1977); *Vives Vázquez v. E.L.A.*, 142 DPR 117, 125-127 (1996).

La Regla 38.1 de Procedimiento Civil, 32 LPRA Ap. V, dispone: Cuando estén pendientes ante el tribunal pleitos que comprendan cuestiones comunes de hechos o de derecho, el tribunal podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas comprendidas en dichos pleitos, podrá ordenar que todos los pleitos sean consolidados y podrá dictar, a este respecto, aquellas órdenes que eviten gastos o dilaciones innecesarias.

El objetivo de la consolidación de pleitos, precisamente, permite evitar la proliferación de acciones, lograr la economía procesal y evitar la indeseable probabilidad de que surjan fallos incompatibles relacionados con un mismo incidente. La consolidación precisa dos requisitos principales para que se pueda plantear al foro; uno, que los casos presenten cuestiones comunes de hechos o de derecho, y dos, que éstos estén pendientes ante el tribunal. Aunque se requiere cuestiones de hecho y derecho en común, no implica que la totalidad de las cuestiones de hecho y de derecho sean idénticas siendo suficiente que haya similaridad en una u otra. *Vives Vázquez v. E.L.A.*, supra. En cuanto al criterio de que los pleitos estén pendientes, la norma solo requiere que se hayan presentado y su trámite esté pendiente ante alguna de las salas del Tribunal de Primera Instancia. *Hosp. San Fco., Inc. v. Sria. de Salud*, supra, págs. 592-594; *Vives Vázquez v. E.L.A.*, supra, pág. 135.

Sobre las partes en los pleitos a consolidarse, no tiene que existir exactitud entre estas, aunque ciertamente es un aspecto que puede pesar sobre el ánimo del juzgador al tomar la determinación. *Hosp. San Fco., Inc. v. Sria. de Salud*, supra; *Vives Vázquez v. E.L.A.*, supra, pág. 127. Aunque como regla general, los pleitos pendientes

de consolidación son de igual naturaleza, esto tampoco es indispensable sino un elemento más a considerar. *Vives Vázquez v. E.L.A.*, supra, pág. 128.

Otros criterios con los cuales contará el juzgador al evaluar la solicitud son: a) si la misma propendería a una resolución justa, rápida y económica de las acciones, b) si la consolidación tiende a evitar resultados inconsistentes entre las distintas disputas que presenten cuestiones similares de hecho o de derecho, c) de forma general evaluará, los perjuicios que la consolidación podría causarles a los litigantes y al sistema de impartir justicia, y la posibilidad de que los mismos no puedan ser evitados mediante órdenes cautelares emitidas por el tribunal sentenciador, prestando especial atención a las circunstancias particulares del caso, d) el momento en que se solicita la consolidación es también un factor a considerar, y, e) la complejidad de los casos a consolidar.[8] En todo caso, la decisión es circunstancial y requiere medir todas las consideraciones a favor y en contra de la consolidación, prestando particular atención a los hechos que tenga ante sí el juzgador en relación con todos los casos respecto a los cuales se solicita la misma. *Hosp. San Fco., Inc. v. Sria. de Salud*, supra; *Vives Vázquez v. E.L.A.*, supra, págs. 136-138.

La norma procesal de la consolidación goza de flexibilidad y liberalidad en nuestra jurisdicción donde funcionamos en un sistema judicial unificado. Y aunque por lo regular responde a una solicitud de parte, el tribunal conserva la autoridad para decretar la misma en ausencia de solicitud, cuando estime que propende a la solución justa, rápida y económica de la controversia, sujeto a los

---

[8] La consolidación puede ser una medida adecuada en la atención de los casos complejos, ya por la naturaleza de las controversias que presentan o por la multiplicidad de partes.

criterios antes mencionados. *Vives Vázquez v. E.L.A.*, supra, pág. 139.

Por último, la discreción del foro primario al evaluar la consolidación de pleitos es amplia y merece gran deferencia por parte del tribunal revisor. Únicamente será alterada cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se incurra en un abuso de discreción. *M-Care Compounding v. Departo. Salud*, 186 DPR 159, 172 (2012); *Hosp. San Fco., Inc. v. Sria. de Salud*, supra; *Vives Vázquez v. E.L.A.*, supra, pág. 142.

## III.

Luego de examinar detenidamente el expediente del presente caso, advertimos que la Regla 52.1 de Procedimiento Civil no favorece la revisión de una determinación discrecional de consolidación emitida por el foro primario. Por otro lado, tampoco se satisface criterio alguno de la Regla 40 del Reglamento de este Foro, que mueva nuestra discreción a intervenir con la misma o con la reconvención permitida. Así, pues, denegamos la expedición de este recurso.

## IV.

Por lo antes expuesto se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones