| | | |
|---|---|---|
| | Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IX | |
| CARMEN LEYLA DÍAZ SUÁREZ<br><br>Apelante<br><br>v.<br><br>KENDALL EDUARDO KRANS NEGRÓN<br><br>Apelado | KLAN202400701 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Alimentos entre parientes; Divorcio y otros<br><br><br>Caso Núm.:<br>SJ2024RF00545<br>SJ2024RF00574<br>(Salón 701 RF) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece ante nos, la *Sra. Carmen Leyla Díaz Suárez* (en adelante: "Díaz Suárez o apelante") mediante el recurso de apelación de epígrafe. Solicita que revisemos la *Sentencia* dictada el **11 de julio de 2024**,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante: "TPI"). En esta, desestimó sin perjuicio la acción instada por la apelante.

Luego de examinar los escritos de las partes, **revocamos** la *Sentencia* apelada. Veamos los fundamentos.

**-I-**

De los *autos* ante nuestra consideración surge que, por segunda ocasión entre ellos, la señora Díaz Suárez y el *Sr. Kendall Eduardo Krans Negrón* (en adelante: "Krans Negrón o apelado") contrajeron matrimonio el **6 de septiembre de 2019**.[2] Surge, además, que ambos son progenitores del menor KAKD, quien

---

[1] Notificada en la misma fecha.
[2] Véase; Apéndice 3 de la *Apelación,* pág. 20.

actualmente se encuentra estudiando en los Estados Unidos, pero en periodo no lectivo regresa a Puerto Rico.

El **18 de abril de 2024**, la señora Díaz Suárez instó una *"DEMANDA DE ALIMENTOS Y REMEDIOS PROVISIONALES URGENTES"* —bajo el caso **SJ2024RF00545**—.[3] Entre las alegaciones presentadas; arguyó que, a pesar de que las partes vivían juntas en ese momento, no llevaban una vida matrimonial. Alegó que el apelado le restringió el uso de las tarjetas de crédito, la echó de su trabajo, entró a la vivienda conyugal y realizó varios actos impropios. Añadió que el patrón de abuso y violencia por parte del apelado hacia su persona, le ha causado ansiedad, temor y grave daño emocional.

Por lo cual, la señora Díaz Suárez realizó varias solicitudes al amparo de los Artículos 448–450, 453–455 y 496 del Código Civil de Puerto Rico 2020 y la Regla 56 de Procedimiento Civil de Puerto Rico.[4] Solicitó, entre otras cosas, que: **(1)** el apelado fuera desalojado de la residencia familiar; **(2)** que se decretara hogar seguro en beneficio del menor; **(3)** una pensión *pendiente elite* no menor de $15,000.00 mensuales; **(4)** honorarios de abogados; **(5)** la coadministración de los bienes gananciales; **(6)** el retorno a su trabajo; **(7)** la prohibición de enajenaciones de bienes.

De otro lado, el señor Krans Negrón presentó el **25 de abril de 2024** una demanda de divorcio por ruptura irreparable bajo el caso —**SJ2024RF00574**—,[5] en la cual, solicitó la disolución del vínculo matrimonial. Referente al menor, solicitó que las relaciones se concedieran de manera abierta; y que tanto la custodia como la

---

[3] Apéndice 2 de la *Apelación,* págs. 11 – 16.
[4] Artículos 448–450, 453–455 y 496 de la Ley Núm. 55-2020, según enmendada Código Civil de Puerto Rico de 2020, 31 LPRA secs. 6795–6797, 6800–6802, 6919.; Regla 56 de las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V., R.56.
[5] Apéndice 3 de la *Apelación,* págs. 17 – 21.

patria potestad fueran de manera compartida. Asimismo, el apelado asumió capacidad económica.

El **1 de mayo de 2024**, el TPI **ordenó la consolidación** de ambos casos —*SJ2024RF00545 y SJ2024RF00574*—, y dispuso que los asuntos continuarán atendiéndose bajo el caso —*SJ2024RF00545*— presentado por la señora Díaz Suárez.[6]

Luego, el **6 de mayo de 2024** la señora Díaz Suárez presentó una *"Moción Informando Situación y en Solicitud de Ordenes"*.[7] En esta, informó que el TPI había concedido una Orden de Protección a su favor a su favor bajo la Ley de Violencia Doméstica.[8] Además, reiteró las solicitudes de: desalojo del apelado de la residencia; declaración de hogar seguro; pensión *pendente elite*; y honorarios de abogados.

Así las cosas, el **7 de mayo de 2024**, la abogada del señor Krans Negrón sometió una moción asumiendo su representación legal.[9] Entonces, el **20 de mayo de 2024**, el apelado presentó una *"Solicitud de Desestimación"*.[10] Alegó que los remedios solicitados por la señora Díaz Suárez, al amparo del Código Civil de Puerto Rico vigente, son remedios interlocutorios en la tramitación del divorcio, por lo que no estaban disponibles mediante la acción instada. A esos efectos, señaló que la apelante tenía la oportunidad de levantar todos sus reclamos bajo el proceso de divorcio. Añadió que, la apelante no se encontraba en un estado de indefensión.

Transcurrido el plazo para que la señora Díaz Suárez contestara la demanda de divorcio, el señor Krans Negrón solicitó la anotación de rebeldía, y la calendarización de la vista de divorcio.[11]

---

[6] Apéndice 4 de la *Apelación*, pág. 22.
[7] Apéndice 5 de la *Apelación*, págs. 23 – 24.
[8] El 30 de abril de 2024, el TPI expidió una Orden de Protección a favor de la señora Díaz Suarez y en contra del señor Krans Negrón al amparo de la Ley Núm. 54 del 15 de agosto de 1989, según enmendada, conocida como Ley de Violencia Doméstica. Dicha orden está vigente hasta el 30 de abril de 2025. *Véase*; Apéndice 5 de la *Apelación*, págs. 27 – 28.
[9] Apéndice 7 de la *Apelación*, pág. 30.
[10] Apéndice 8 de la *Apelación*, págs. 31 – 39.
[11] Apéndice 10 de la *Apelación*, pág. 41.

Sin embargo, la representación legal de la señora Díaz Suárez sometió una moción asumiendo su representación el **3 de junio de 2024**, y solicitó una prórroga para contestar la demanda de divorcio.[12] No obstante, el TPI no concedió dicha prórroga,[13] y la apelante contestó la demanda de divorcio el **6 de junio de 2024**, y **sometió una reconvención en la que solicitó el divorcio por ruptura irreparable**. Allí, —tomando gran parte de las mismas alegaciones que hizo en el caso consolidado SJ2024RF00545— reconvino y solicitó: **(1)** la custodia monoparental del menor; **(2)** hogar seguro; **(3)** pensión *pendete lite* de $15,000.00 al mes; **(4)** honorarios *litis expense* por $25,000.00; **(5)** salario de $6,000.00 hasta la liquidación de la sociedad de gananciales; **(6)** pago del plan médico por un año, entre otras reclamaciones.[14]

El **10 de junio de 2024**, la señora Díaz Suárez presentó una *"Moción en Cumplimiento de Orden y Oposición a desestimación"*.[15] Entre otras cosas, reprodujo parte de las alegaciones del caso núm. *SJ2024RF00545* y las reclamaciones que hizo en la reconvención bajo el caso núm. *SJ2024RF00574*. Señaló que la consolidación de los casos no impone como resultado la desestimación de la demanda instada bajo el —caso *SJ2024RF00545*—.

Así, pues, el **11 de julio de 2024**, la señora Díaz Suárez solicitó el auxilió del TPI ante varios actos cometidos por el señor Krans Negrón.[16] Adujo que dichos actos violentaban la *"Ley para la Prevención e Intervención con la Violencia Doméstica"*,[17] por lo que, le solicitó al foro *a quo* que emitiera las órdenes correspondientes.[18]

---

[12] Apéndice 11 de la *Apelación*, págs. 42 – 43.
[13] Apéndice 12 de la *Apelación*, pág. 44.
[14] Apéndice 14 de la *Apelación*, págs. 46 – 50.
[15] Apéndice 15 de la *Apelación*, págs. 51 – 58.
[16] Apéndice 16 de la *Apelación*, págs. 59 – 63.
[17] Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como la *"Ley para la Prevención e Intervención con la Violencia Doméstica"*, 8 LPRA sec. 601 *et seq.*
[18] La apelante alegó que el apelado cometió los siguientes actos: (1) restringió el uso de la tarjetas de crédito; (2) dejo de pagar a la persona encargada de los quehaceres domésticos en la residencia; (3) eliminó el cable; (4) redujo la velocidad de internet; (4) limitó al hijo con el uso de sus tarjetas y prohibió que ayude a su

Reiteró, además, su petición de pensión, la coadministración de los bienes, hogar seguro y honorarios de abogados.

En atención a la solicitud de desestimación del señor Krans Negrón y oposición de la señora Díaz Suárez, el **11 de julio de 2024** el TPI dictó una *Sentencia*,[19] en la que desestimó sin perjuicio la demanda instada por la señora Díaz Suarez —*SJ2024RF00545*—. En lo pertinente, concluyó que:

> [L]uego de un análisis de las posturas de ambas partes, así como del derecho aplicable, y aun dando por ciertas las alegaciones de la demanda, este tribunal concluye que procede desestimar la demanda instada por Díaz Suárez en el caso núm. SJ2024RF00545. Veamos.
>
> En primer lugar, corresponde determinar si puede instarse una acción al amparo de los Artículos 447 a 450, 453 a 455 y 496 del Código Civil (31 LPRA secs. 6794 – 6802, 6919) y de la Regla 56 de Procedimiento Civil (32 LPRA Ap. V, R. 56), sin haberse iniciado un proceso de divorcio. Cabe destacar que los Arts. 444 al 460 son del Capítulo III del Código Civil, titulado "La disolución por divorcio". En específico, estos artículos pertenecen a la subsección quinta del mencionado capítulo, la cual establece las medidas provisionales y recursos interlocutorios durante un proceso de divorcio. De este modo, el Art. 444 del Código Civil expresamente dispone que, "[p]resentada la petición individual de divorcio, los cónyuges pueden acordar las medidas provisionales que han de regir sus relaciones personales, la estabilidad económica de la familia y los asuntos que afectan significativamente a los hijos durante el proceso". (31 LPRA sec. 6791). (Énfasis nuestro).
>
> Así pues, la letra clara de la ley permite concluir que los artículos 444 al 460 del Código Civil son precisamente medidas provisionales mientras se dilucida la petición de divorcio individual. Por consiguiente, para invocar tales artículos es necesario que se haya instado una acción de divorcio. En el caso de autos, la Demanda de alimentos y remedios provisionales urgentes instada por Díaz Suárez presenta una causa de acción de divorcio, sino que simplemente solicita remedios provisionales al amparo de los Arts. 447 a 450, 453 a 454, y 496. Asimismo, la Regla 56 de las de Procedimiento Civil permite la solicitud de remedios provisionales en un pleito para asegurar la efectividad de la sentencia. No habiendo una acción de divorcio instada ni ninguna otra causa de acción, no es posible que el tribunal dicte órdenes para proveer remedios provisionales. De esta manera, no hay duda de que Díaz Suárez debió haber presentado una petición de divorcio si interesaba solicitar los remedios provisionales provistos en los artículos 444 al 460 del Código Civil.
>
> Ahora bien, cabe destacar que la consolidación de la demanda instada por Díaz Suárez con la demanda de divorcio presentada por Krans Negrón no subsana la falta de causa de acción en el caso núm. SJ2024RF00545. En nuestra

---

madre cuestionando todo; (5) fue echada del empleo como administradora; (6) utilizó chats de WhatsApp donde la apelante estaba incluida para burlarse del hijo mayor de la apelante; (7) mantiene a la apelante en total enajenación de los ingresos y egresos de la SLG; (8) no costea los gastos de limpieza de piscina, jardín y el grooming del perro. *Véase*; Apéndice 16 de la *Apelación*, pág. 61.

[19] Notificada en la misma fecha.; Apéndice 1 de la *Apelación*, págs. 1 – 10.

*jurisdicción impera la norma de que la consolidación de dos pleitos no tiene el efecto de que, automáticamente, las partes y alegaciones de uno se convierten en partes y alegaciones de otro. Vives Vázquez y. ELA, supra; Cuadrado v. García, supra. En otras palabras, la norma es que los casos al consolidarse no pierden su carácter individual, Íd. Por lo tanto, no es posible atender la reclamación de Díaz Suárez en el caso de divorcio presentado por Krans Negrón. Al consolidarse los casos núm. SJ2024RF00545 y SJ2024RF00574, estos no pierdieron su carácter individual. En otras palabras, las alegaciones de Díaz Suárez no se convirtieron automáticamente en las alegaciones de Krans Negrón dentro de la acción de divorcio que presentó.* **Claro está, ello no impide que, en cualquier momento, Díaz Suárez solicite dentro del caso núm. SJ2024RF00574 aquellos remedios provisionales que entienda que deban dictarse mientras se dilucida la petición de divorcio al amparo de los artículos 444 al 460 del Código Civil y de la Regla 56 de Procedimiento Civil**.[20]

Inconforme con la determinación del TPI, el **24 de julio de 2024**, la señora Díaz Suárez recurrió ante este Foro apelativo. Mediante el recurso de apelación epígrafe señaló la comisión de siete (7) errores:

1. *EL TPI COMETIÓ ERROR CRASO DE DERECHO AL DESESTIMAR LA DEMANDA DE ALIMENTOS ENTRE CÓNYUGES Y REMEDIOS PROVISIONALES, ESTANDO VIGENTE EL MATRIMONIO, POR CONSIDERAR QUE DICHA SOLICITUD DE ALIMENTOS Y MEDIDAS CAUTELARES NO SE PUEDEN PROMOVER A NO SER QUE EXISTA UNA DEMANDA DE DIVORCIO.*

2. *EL TPI COMETIÓ ERROR CRASO DE DERECHO Y ABUSÓ DE SU DISCRECIÓN AL DESESTIMAR LA DEMANDA SIN CONSIDERAR EL INTERÉS APREMIANTE DEL ESTADO, INDEPENDIENTEMENTE DE LA FORMA O EL FUNDAMENTO EN QUE ESTA PARTE RECLAMO EL MISMO, PUES EL NOMBRE NO HACE LA COSA.*

3. *EL TPI COMETIÓ ERROR AL DESESTIMAR LA DEMANDA Y RECHAZAR DE PLANO TODAS LAS MEDIDAS CAUTELARES Y REMEDIOS PROVISIONALES SIN CONSIDERAR LOS DERECHOS Y OBLIGACIONES ENTRE LOS CONYUGES EN UNA SOCIEDAD LEGAL DE BIENES GANANCIALES Y EL INTERES APREMIANTE DEL ESTADO EN SALVAGUARDAR LA IGUALDAD PARA AMBOS CÓNYUGES.*

4. *EL TPI COMETIÓ ERROR DE DERECHO Y ABUSÓ DE SU DISCRECIÓN AL DESESTIMAR LA DEMANDA SIN HABER CELEBRADO VISTA PREVIA, EN CRASA VIOLACIÓN AL DEBIDO PROCESO DE LEY QUE ASISTE A LA APELANTE.*

5. *EL TPI COMETIÓ ERROR CRASO DE DERECHO AL DESESTIMAR LA DEMANDA PRESENTADA POR LA*

---

[20] Apéndice 1 de la *Apelación*, págs. 8 – 10. *Énfasis nuestro.*

*APELANTE, DEJARLA EN TOTAL ESTADO DE INDEFENSIÓN, SIN HABER ATENDIDO DE FORMA SUMARÍA LOS REMEDIOS SOLICITADOS PARA ELLA Y EL MENOR.*

6. *EL TPI, COMETIÓ ERROR DE DERECHO Y ABUSÓ DE SU DISCRECION AL DESESTIMAR LA DEMANDA EN CRASA VIOLACIÓN DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL LA CUAL CONCEDE A LOS TRIBUNALES LA DISCRECION DE DESESTIMAR EN CASOS EXTREMOS UNA DEMANDA, QUE A LA LUZ DE LA FORMA MAS AMPLIA Y LIBERAL INCUMPLA CON EL ESTANDAR DE PLAUSIBILIDAD QUE JUSTIFIQUE LA CONCESIÓN DE UN REMEDIO.*

7. *EL TPI COMETIÓ ERROR CRASO AL DESESTIMAR LA DEMANDA A PESAR DE QUE AMBOS CASOS ESTABAN CONSOLIDADOS Y LA APELANTE HABÍA PRESENTADO UNA RECONVENCIÓN DENTRO DEL CASO DE DIVORCIO EN LA QUE SE INCLUYERON LOS MISMOS RECLAMOS QUE EN EL CASO QUE DESESTIMÓ, SIN EMBARGO, EL TPI IGUALMENTE LO DESCARTÓ DEJANDO EN TOTAL DESVENTAJA Y ESTADO DE INDEFENSON A LA APELANTE Y A SU HIJO MENOR DE EDAD.*

Adicionalmente, el **5 de agosto de 2024**, la apelante sometió una *"MOCIÓN EN AUXILIO SOLICITANDO LA PARALIZACIÓN DE LOS PROCEDIMIENTOS ANTE EL TPI"*, aunque este Foro apelativo declaró *"No ha lugar"* la solicitud de auxilio de jurisdicción, paralizó la vista pautada para el 14 de agosto de 2024 ante el TPI.

Varias incidencias procesales después, el **16 de agosto de 2024**, el señor Krans Negrón compareció ante nos mediante el escrito intitulado: *"Alegato de la Parte Apelada"*.

Por lo cual, el **22 de agosto de 2024** emitimos una *Resolución*, en la cual, dimos por sometido el asunto para la consideración del Panel.[21]

-II-

-A-

Es sabido que, nuestro ordenamiento jurídico procesal promueve la solución justa rápida y económica de los

---

[21] El **27 de septiembre de 2024**, la apelante sometió una *MOCIÓN EN AUXILIO PARA QUE SE DICTE ORDENES ANTE NECESIDADES APREMIANTES DE ALIMENTOS*, la cual fue declarada *"No ha lugar"* por este Foro apelativo el **30 de septiembre de 2024**.

procedimientos judiciales.[22] Un mecanismo para lograr la economía procesal es la consolidación de los casos. Cuyo propósito es evitar la proliferación de las causas de acción entre las mismas partes, lograr la economía procesal e impedir la indeseable probabilidad de que surjan fallos incompatibles relacionados con un mismo incidente.[23] A tales efectos, la consolidación está predicada en la Regla 38.1 de Procedimiento Civil, la cual dispone:

> *Cuando estén pendientes ante el tribunal pleitos que comprendan cuestiones comunes de hechos o de derecho, el tribunal podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas comprendidas en dichos pleitos, podrá ordenar que todos los pleitos sean consolidados y podrá dictar, a este respecto, aquellas órdenes que eviten gastos o dilaciones innecesarias.*[24]

En términos generales, para que proceda la consolidación de acciones o recursos no es necesario que la totalidad de las cuestiones de hecho y de derecho de éstos sean idénticas.[25] *"[D]e ahí que la existencia de consideraciones particulares sólo para algunos de los casos no impide que se conceda la consolidación"*.[26] De igual forma, no se requiere que las cuestiones de hecho o de derecho sean comunes en los casos a consolidarse, es suficiente con que haya similaridad en una u otra.[27] Tampoco depende de que exista identidad de partes en los pleitos, aunque es un aspecto que puede pesar sobre el ánimo del juzgador al decidir si procede la consolidación.[28]

Cabe señalar que, *"[d]e ordinario la consolidación de dos pleitos no tiene el efecto de que automáticamente las partes y alegaciones de uno se conviertan en partes y alegaciones del*

---

[22] Regla 1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 1.

[23] *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 416 (2009) citando a *Granados v. Rodríguez Estrada II*, 124 DPR 593, 608 (1989).; *Véase, además; Vives Vázquez v. ELA*, 142 DPR 117, 125 (1996).; *Hosp. San Fco., Inc. v. Sria. de Salud*, 144 DPR 586, 592 (1997).

[24] 32 LPRA Ap. V., R. 38.1.

[25] *Vives Vázquez v. ELA, supra*, a la pág. 127.

[26] *Hosp. San Fco., Inc. v. Sria. de Salud, supra*, a la pág. 593.

[27] *Íd.*

[28] *Íd.*

*otro…"*.[29] Ahora bien, es importante señalar que una determinación judicial sobre una solicitud de consolidación, efectuada luego de un ***análisis ponderado de la totalidad de las circunstancias*** de los casos cuya consolidación se solicita, merecerá gran deferencia por parte del tribunal revisor.[30] Cónsono con lo anterior, es el juzgador quien cuenta con una amplia discreción para determinar la consolidación de los pleitos, esto a la luz de hechos y circunstancias particulares que tiene ante su consideración. No obstante, el tribunal debe analizar si dicha petición propendiera a una resolución justa, rápida y económica de las acciones e igualmente evitar resultados inconsistentes entre las distintas disputas que presenten cuestiones similares de hecho o de derecho.[31]

Dicha consolidación solo será alterada cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se incurra en un abuso de discreción.[32] Por lo tanto, aunque un tribunal tiene discreción para ordenar la consolidación de dos o más recursos, su determinación merecerá deferencia bajo el palio de que fue efectuada luego del referido análisis ponderado.[33]

**-B-**

Conforme al Código Civil de Puerto Rico de 2020, el vínculo matrimonial puede disolverse por un divorcio.[34] Dicha disolución por divorcio puede declararse mediante sentencia judicial o por escritura pública.[35] Ahora bien, el Código Civil vigente establece unas *Medidas Provisionales y Recursos Interlocutorios* que se pueden solicitar mientras transcurre un proceso de disolución del vínculo

---

[29] *Vives Vázquez v. ELA*, *supra*, a la pág. 144, citando a *Cuadrado v. García*, 99 DPR 154, 157 (1970).
[30] *Vives Vázquez v. ELA, supra*, a la pág. 142.
[31] *Hosp. San Fco., Inc. v. Sria. de Salud*, *supra*, a la pág. 593, citando a *Vives Vázquez v. ELA*, *supra*, a la pág. 136.
[32] *Íd.*
[33] *Hosp. San Fco., Inc. v. Sria. de Salud*, *supra*, a la pág. 594.
[34] 31 LPRA sec. 6741.
[35] 31 LPRA sec. 6761.

matrimonial por divorcio. Particularmente, son de aplicación los siguientes articulados:

> ***Artículo 444. — Acuerdos entre los cónyuges sobre medidas provisionales.***
> *Presentada la petición individual de divorcio, los cónyuges pueden acordar las medidas provisionales que han de regir sus relaciones personales, la estabilidad económica de la familia y los asuntos que afectan significativamente a los hijos durante el proceso.*
> *El tribunal puede aprobar las medidas así adoptadas, si son adecuadas, o modificarlas en cualquier etapa del proceso para asegurar el bienestar de ambos cónyuges y el de los miembros de la familia.*[36]
>
> ***Artículo 445. — Adopción de medidas urgentes y necesarias.***
> *Si los cónyuges no acuerdan las medidas provisionales en un plazo prudente, el tribunal puede establecer sumariamente las más urgentes y necesarias.*[37]
>
> ***Artículo 446. — Medidas cautelares provisionales respecto a los hijos.***
> *Durante el proceso de disolución, el tribunal puede adoptar, a petición de parte, cualquier medida cautelar provisional que considere indispensable y adecuada para proteger el interés óptimo de los hijos habidos en el matrimonio, entre ellas:*
> *(a) determinar cuál de los cónyuges tendrá la custodia de los hijos menores o de los mayores incapacitados que aún están sujetos a la patria potestad de uno o ambos progenitores;*
> *(b) determinar el modo, el tiempo y el lugar en que cada progenitor puede relacionarse con sus hijos, tenerlos en su compañía y participar de su crianza y dirección;*
> *(c) prohibir a un cónyuge o a terceras personas bajo su influencia que interfieran con el ejercicio de la custodia provisional de los hijos que se ha adjudicado al otro;*
> *(d) prohibir a cualquiera de los cónyuges que traslade fuera de Puerto Rico a los hijos menores de edad o a los mayores incapacitados; o*
> *(e) prohibir a los cónyuges suspender o modificar cualquier plan de seguro de salud u otras atenciones de previsión dispuestas en este Código, a menos que exista justa causa para ello.*[38]
>
> ***Artículo 447. — Medidas cautelares provisionales respecto a los cónyuges y el patrimonio conyugal.***
> *El tribunal también puede adoptar medidas cautelares provisionales relativas a las cargas familiares y a las necesidades de ambos cónyuges, en atención del interés familiar más necesitado de protección, entre otras:*
> *(a) determinar cuál de los cónyuges continuará residiendo en la vivienda familiar y en qué condiciones permanecerá en ella hasta que se dicte sentencia;*
> *(b) fijar la contribución de cada cónyuge para atender las necesidades y las cargas de la familia durante el proceso, incluidos los gastos del litigio, y disponer las garantías, depósitos, retenciones u otras medidas cautelares necesarias para asegurar su efectividad;*
> *(c) señalar los bienes gananciales o comunes que, previo inventario, se entregarán a uno u otro cónyuge para su sustento y establecer las reglas para su administración y*

---

[36] 31 LPRA sec. 6791.
[37] 31 LPRA sec. 6792.
[38] 31 LPRA sec. 6793.

*disposición, hasta la disolución del matrimonio y la liquidación de su régimen económico; o*

*(d) determinar el régimen de administración y de disposición de aquellos bienes privativos que, por capitulaciones matrimoniales o por escritura pública, estén especialmente destinados a responder por las cargas del matrimonio y la familia.*[39]

### Artículo 448. — Otras medidas cautelares necesarias.

*Durante el proceso de disolución, el tribunal también puede adoptar otras medidas cautelares provisionales:*

*(a) para la atención de las necesidades especiales de cualquiera de los cónyuges o de los miembros de la familia si ellos no tienen recursos suficientes o si la naturaleza de los únicos medios disponibles para el sustento no permite la distribución conjunta e igualitaria de sus réditos o ganancias;*

*(b) para la atención de otros miembros de la familia, que no sean los hijos menores o los mayores incapacitados, si de ordinario ambos cónyuges asumían su sustento y necesidades especiales; o*

*(c) cualquiera otra necesaria y adecuada para proteger la integridad física y emocional de los cónyuges y de los otros miembros del grupo familiar durante el proceso de divorcio.*[40]

### Artículo 449. — Desalojo de la residencia conyugal.

*El tribunal podrá autorizar a cualquiera de los cónyuges a abandonar la residencia conyugal u ordenar su desalojo, atendiendo al interés óptimo de ambos cónyuges y al de la familia que tienen constituida.*[41]

### Artículo 450. — Participación de los cónyuges en igualdad de condiciones.

*Al considerar cualquier medida provisional sobre los bienes del matrimonio, el tribunal debe favorecer la adopción de mecanismos ágiles y razonables que, según la naturaleza de la actividad económica intervenida, permitan a ambos cónyuges participar de la gestión, de la producción y del disfrute del patrimonio común, en igualdad de condiciones, sin afectar significativamente su rendimiento.*[42]

### Artículo 451. — Cuantía de la participación.

*Cada cónyuge tiene derecho a reclamar y a disfrutar hasta la mitad de los créditos y provechos del patrimonio común mientras permanezca en indivisión. Cualquier reclamo de participación en exceso de esa cuantía debe justificarse expresamente al tribunal.*[43]

### Artículo 452. — Nombramiento de un tercero como administrador.

*El tribunal podrá designar a una tercera persona para administrar o dirigir los asuntos económicos del matrimonio durante el proceso de disolución en casos de conflicto extremo entre los cónyuges o cuando las circunstancias particulares de la economía familiar así lo requieran.*[44]

### Artículo 453. — Manutención y gastos del litigio.

*La manutención de los cónyuges, así como una suma razonable para los gastos del litigio, se pagarán del caudal común del matrimonio, sin que ello constituya un crédito al momento de su liquidación.*

---

[39] 31 LPRA sec. 6794.
[40] 31 LPRA sec. 6795.
[41] 31 LPRA sec. 6796.
[42] 31 LPRA sec. 6797.
[43] 31 LPRA sec. 6798.
[44] 31 LPRA sec. 6799.

> *Si los cónyuges no tienen un caudal común acumulado o si no es suficiente para cubrir dichos gastos, el tribunal puede disponer el modo y el plazo en que han de satisfacerse o puede exigir a uno o a ambos cónyuges la presentación de garantías para su eventual satisfacción.*[45]

> **Artículo 454. — Pensión alimentaria provisional de un cónyuge.**
> *El tribunal puede imponer el pago de una pensión alimentaria al cónyuge que tiene bienes propios en beneficio del que no cuenta con recursos económicos suficientes para su sustento durante el proceso. En este caso, la cuantía fijada debe ser proporcional a la capacidad económica del cónyuge a quien se impone la pensión y conforme a la posición social de la familia. La pensión debe cubrir las necesidades apremiantes y esenciales del cónyuge que la reclama y los gastos del litigio. El cónyuge alimentante no tiene derecho a reclamar la restitución de lo pagado por ambos conceptos.*[46]

> **Artículo 455. — Deudas contraídas después de presentada la demanda.**
> *Desde el día en que se presente la petición o demanda de divorcio, ningún cónyuge puede, sin el consentimiento del otro o sin la autorización judicial previa, gravar, enajenar o disponer de los bienes comunes.*
> *La obligación asumida por un cónyuge en contravención de lo dispuesto en este artículo no obliga al otro cónyuge ni puede hacerse efectiva contra los bienes comunes del matrimonio.*[47]

En esencia, presentada la demanda de divorcio, los cónyuges pueden acordar las medidas provisionales que han de regir durante el proceso de divorcio, las cuales pueden ser modificadas o adoptadas por el TPI. Esto con el fin de que tanto los conyugues como los hijos no sean desamparados durante el proceso.

### -C-

El Tribunal Supremo de Puerto Rico ha sido claro en que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[48] La citada norma de deferencia también es aplicable a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, nuestro Alto Foro ha expresado lo siguiente:

> *No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con*

---

[45] 31 LPRA sec. 6800.
[46] 31 LPRA sec. 6801.
[47] 31 LPRA sec. 6802.
[48] *Coop. Seguros Múltiples de PR v. Lugo*, 136 DPR 203, 208 (1994).

*prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.*[49]

Lo importante al momento de ejercer la función revisora es determinar cuándo un tribunal ha abusado de su discreción, ello, no constituye una tarea fácil.[50] Por lo tanto, para realizarla adecuadamente nuestro Tribunal Supremo indica expresamente que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad.[51]

**-III-**

En síntesis, la apelante plantea que el TPI incidió al desestimar la demanda instada bajo el caso —*SJ2024RF00545*—, sin celebrar una vista, y pese a todos los fundamentos presentados, violando así el debido proceso de ley. Sostuvo que al rechazar de plano las medidas cautelares y remedios provisionales solicitados, el foro primario actuó contrario al interés apremiante del Estado. Añadió que el foro *a quo* se equivocó al desestimar la acción instada, dado a que la apelante había sometido los mismos reclamos y solicitud de remedio de la primera acción en la reconvención presentada en el caso de divorcio.

De umbral, este caso inició con la demanda de alimentos y remedios provisionales instada por la señora Díaz Suárez en favor suyo —y de su hijo menor de edad— en pos de satisfacer ciertas necesidades bajo el caso **SJ2024RF00545**. Luego, el señor Krans Negrón presentó una demanda de divorcio por ruptura irreparable contra la apelante, ya que no deseaba continuar con el vínculo matrimonial habido entre las partes, bajo el caso **SJ2024RF00574**.

Posteriormente, ambas demandas fueron consolidadas por el TPI y dispuso que todos los asuntos serían atendidos bajo el caso *SJ2024RF00545* presentado por la señora Díaz Suárez. Así, tanto la

---

[49] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[50] *Íd.*
[51] *Íd.*

apelante como el apelado sometieron sus respectivas contestaciones. Cabe destacar que, además de contestar la demanda de divorcio en el caso **SJ2024RF00574**, la señora Díaz Suárez sometió **una reconvención en la cual solicitó el divorcio por ruptura irreparable**. Además, reprodujo las gran parte alegaciones presentadas en la demanda del caso **SJ2024RF00545** radicada el 18 de abril de 2024; saber: **(1)** la custodia monoparental del menor; **(2)** hogar seguro; **(3)** pensión *pendete lite* de $15,000.00 al mes; **(4)** honorarios *litis expense* por $25,000.00; **(5)** salario de $6,000.00 hasta la liquidación de la sociedad de gananciales; **(6)** pago del plan médico por un año, entre otras reclamaciones.[52]

Es decir, —a la altura de la etapa procesal de este caso— las reclamaciones hechas por la señora Díaz Suárez en la **reconvención** a la contestación de la demanda de divorcio *SJ2024RF00574,* tuvo el efecto de convertir las alegaciones de su caso *SJ2024RF00545* en la contraparte del caso *SJ2024RF00574,* presentado el señor Krans Negrón. En pocas palabras, ello provocó la perdida del carácter individual de cada caso aquí consolidados.

En consecuencia, el TPI erró al desestimar la causa de acción de alimentos y remedios provisionales radicada por la apelante en el caso *SJ2024RF00545*. Nótese, que el foro primario no tomó en cuentas las reclamaciones habidas en la **reconvención** y concluyó que los remedios solicitados por la señora Díaz Suárez debían ser atendidos bajo un proceso de divorcio de caso *SJ2024RF00574*. Así, esbozó que la desestimación *"[n]o impide que, en cualquier momento, Díaz Suárez solicite dentro del caso núm. SJ2024RF00574 aquellos remedios provisionales que entienda que deban dictarse mientras se dilucida la petición de divorcio al amparo de los artículos 444 al 460 del Código Civil y de la Regla 56 de Procedimiento Civil"*.[53]

---

[52] Apéndice 14 de la *Apelación,* págs. 46 – 50.
[53] Apéndice 1 de la *Apelación,* pág. 10.

Reiteramos que dicha conclusión es errónea, pues la señora Díaz Suárez no solo presentó las alegaciones en la primera demanda sometida *SJ2024RF00545*, **sino que reconvino en el caso *SJ2024RF00574* con una solicitud de divorcio por ruptura irreparable y reprodujo gran parte de las misma alegaciones del caso *SJ2024RF00545* anteriormente sometido**. Basado en ello, resulta incongruente que el TPI desestime la causa de acción de la señora Díaz Suárez, ya que tanto esas primeras alegaciones como las presentadas en la reconvención se confundieron en una sola solicitud de mecanismos provisionales y protectores en favor de la apelante y su hijo menor de edad.

No podemos perder de vista que el foro primario había consolidado ambos casos —*SJ2024RF00545* y *SJ2024RF00574*— mucho antes de presentarse la contestación y reconvención por parte de la apelante.

Estamos conscientes que ante una consolidación, las alegaciones de una parte no se convierten automáticamente en las alegaciones de la contraparte, ni el carácter individual de cada caso se pierde.

Ahora bien, debemos recordar que el tribunal está llamado a no emitir dictámenes inconsistentes entre sí, sobre todo en aquellas disputas que tienen cuestiones de hechos o derechos similares. Por lo cual, al desestimar la demanda —*SJ2024RF00545*— crea una inconsistencia en los casos consolidados, ya que la apelante no solo presentó la primera demanda, sino que reprodujo las mismas alegaciones cuando reconvino solicitando el divorcio por ruptura irreparable en el caso *SJ2024RF00574*.

En consecuencia, es forzoso concluir que el TPI erró al desestimar la demanda presentada por la apelante, por lo que corresponde revocar la *Sentencia* apelada y ordenar la continuación de los casos consolidados.

**-IV-**

Cónsono con lo anterior, procedemos a ***revocar*** la sentencia apelada. Así, se ordena la continuación de los procesos conforme a la presente determinación.

Lo acuerda el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones